**Wilfredo RIVERA and Ines Del C. Rivera, Appellants**

v.

**COUNTRYWIDE HOME LOANS, INC., Landsafe Appraisal Services, Inc., and Shirley Burchett, Appellees.**

No. 05–07–00962–CV.

Court of Appeals of Texas, Dallas.

Aug. 8, 2008.

Rehearing Overruled Oct. 3, 2008.

Evan R. Clift, Clift & Associates, P.C., Denton, for appellants.

Kirsten M. Castaneda, James M. Wortman, Robert T. Mowrey, Don C. Clayton, Locke Lord Bissell & Liddell LLP, Dallas, Jennifer Pettit, Gay, McCall, Isaacks, Gordon, May & Roberts, P.C., Plano, for appellees.

Before Justices WHITTINGTON, RICHTER, and MAZZANT.

## OPINION

Opinion by Justice WHITTINGTON.

Wilfredo and Ines Del C. Rivera appeal summary judgments in favor of Countrywide Home Loans, Inc., Landsafe Appraisal Services, Inc., and Shirley P. Burchett. In nine issues, the Riveras complain the trial judge erred in granting summary judgment on limitations, granting no evidence motions for summary judgment on the Riveras' damages, granting Burchett summary judgment on the Riveras' claim of fraudulent misrepresentation, and awarding attorney's fees to Burchett. We affirm in part and reverse and render in part.

In 1998, the Texas Constitution was amended to allow homeowners to voluntarily encumber their homesteads with liens in exchange for extension of credit, *i.e.*, "home equity loan." TEX. CONST. art. XVI, § 50(a)(6)(A)-(Q). Section 50(a)(6)(B) specifically provides that a Texas homestead is protected "from forced sale, for the payment of all debts" except for an extension of credit that "is of a principal amount that when added to the aggregate total of the outstanding principal balance of all other indebtedness secured by valid encumbrances against the homestead does not exceed 80 percent of the fair market value of the homestead on the date the extension of credit is made." TEX. CONST. art. XVI, § 50(a)(6)(B).

In 2001, the Riveras requested a loan from Countrywide. The loan was to be secured by their homestead. Countrywide contacted a subsidiary, Landsafe, to obtain an appraisal of the property. Landsafe in turn requested Burchett perform the appraisal. Burchett appraised the fair market value of the property at $350,000 as of the September 28, 2001 closing date. Countrywide loaned the Riveras $280,000, eighty percent of the $350,000 fair market value appraisal. At closing, the Riveras received a copy of Burchett's appraisal. They were also provided and signed an "Acknowledgment as to Fair Market Value of Homestead Property" stating the fair market value of the property as of the closing date was $350,000. That acknowledgment, also signed by Countrywide, states the lender "has no knowledge or reason to believe that the fair market value of the Homestead Property stated in this written acknowledgment is incorrect," as well as the lender's acknowledgment of the $350,000 fair market value of the property as of the closing date per the appraisal evaluation. Included in the loan documents at closing was a review appraisal obtained by Countrywide and Landsafe prepared by Jeff McGregor, Jr. This appraisal indicated the $350,000 fair market value by Burchett appeared overstated and the fair market value of the property was between $261,040 and $293,580. A "Home Equity Note Texas Home Equity Security Instrument (First Lien)" was also

executed contemporaneously with the home equity loan.

The Riveras fell behind in their loan payments, and the property was scheduled for foreclosure by trustee's sale in April 2006. In March 2006, while speaking with neighbor John "Patrick" Bain, Wilfredo Rivera learned Bain was an appraiser in the mortgage industry. Bain reviewed the Riveras' loan documents and brought McGregor's review appraisal to Wilfredo's attention.

 In their original petition, the Riveras assert common law causes of action against Countrywide, Landsafe, and Burchett for negligence, fraud, and conspiracy, seeking damages for mental anguish and out of pocket costs.[1] Additionally, the Riveras allege Countrywide violated article XVI, section 50(a)(6)(B) of the Texas Constitution by lending more than eighty percent of the fair market value of the homestead property.[2] At the time of the Riveras' loan closing, the forfeiture provision of the home equity constitutional provision stated the lender or any holder of the note for a home equity loan

> shall forfeit all principal and interest of the extension of credit if the lender or holder fails to comply with the lender's or holder's obligations under the exten-

sion of credit within a reasonable time after the lender or holder is notified by the borrower of the lender's failure to comply.

Act of May 29, 2003, 78th Leg., R.S., S.J.R. No. 42, § 1, 2003 Tex. Gen. Laws 6219, 6219 (amended 2003) (current version TEX. CONST. art. XVI, § 50(Q)(x)).[3] *See Doody v. Ameriquest Mortgage Co.*, 49 S.W.3d 342, 343 (Tex.2001) (lender shall forfeit all principal and interest on the extension of credit if lender fails to comply with lender's obligations under extension of credit within reasonable time after lender notified by borrower of lender's failure to comply). The Riveras sought a forfeiture by Countrywide of the loan principal and interest in the event Countrywide failed to cure the alleged violation of the constitution. They also sought reinstatement of a home equity note and security instrument that complied with the constitution. Finally, the Riveras alleged Countrywide violated the fraudulent lien statute by making, presenting, or using a document or other record with the knowledge that the document is a fraudulent court record or a fraudulent lien or claim against real property and sought damages for the same. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 12.002(a), (b) (Vernon Supp.2008).

---

1. The Riveras also alleged violations of the Texas Deceptive Trade Practices Act but later conceded they were not "consumers" under the Act. These claims are not raised on appeal.

2. The Riveras did not request a declaratory judgment or permanent injunction that would stop the attempted foreclosure by Countrywide.

3. In 2003, the citizens of Texas voted to amend this section. In addition to adding specific ways by which a lender or holder could cure a home equity loan's constitutional violations, the amendment changed the "reasonable time" period standard to require cur-

ing action with a more specific sixty-day period. *See Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 154–55 (Tex.App.-Fort Worth 2007, pet. denied). We do not apply retroactively the constitutional amendment. Constitutional amendments and statutes operate prospectively absent clear intent by the makers and adopters they be applied retroactively. *See Linch v. Broad*, 70 Tex. 92, 96, 6 S.W. 751, 755 (1888) (provision of present constitution enlarging the homestead exemption cannot be given retroactive application); *Fix*, 242 S.W.3d at 155. "It is well-established that laws in effect at the time a contract is entered into should govern the fulfillment of the contract." *Fix*, 242 S.W.3d at 155.

Countrywide, Landsafe, and Burchett moved for traditional and no-evidence summary judgments. *See* Tex.R. Civ. P. 166a(c) and (i). Burchett moved for traditional summary judgment on the grounds that (i) limitations barred the Riveras' common law claims and (ii) Burchett made no false representation. Burchett also moved for no-evidence summary judgment on the ground the Riveras had not sustained any damages. Countrywide and Landsafe jointly moved for traditional summary judgment on the grounds the statute of limitations barred the Riveras' common law claims as well as the two claims against Countrywide and for a no-evidence summary judgment on the ground the Riveras had not sustained any damages. The trial judge granted Countrywide and Landsafe's traditional and no-evidence motions for summary judgment and granted Burchett's motion for summary judgment "in its entirety."

### Standard of Review

The standard for reviewing a traditional summary judgment is well established. *See* Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Defendants who move for summary judgment must show the plaintiffs have no cause of action. Defendants may meet this burden by either disproving at least one essential element of each theory of recovery or conclusively proving all elements of an affirmative defense. *See Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *See Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982). After the movants have established a right to summary judgment, the burden shifts to the nonmovants to present evidence creating a fact issue. *See Kang v. Hyundai Corp.,*

992 S.W.2d 499, 501 (Tex.App.-Dallas 1999, no pet.).

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* Tex.R. Civ. P. 166a(i); *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.,* 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Gen. Mills,* 12 S.W.3d at 833. When analyzing both traditional and no-evidence summary judgments, we consider the evidence in the light most favorable to the nonmovant. *See Nixon,* 690 S.W.2d at 549 (traditional summary judgment); *Gen. Mills,* 12 S.W.3d at 833 (no-evidence summary judgment).

### Countrywide's Statute of Limitations Affirmative Defense

In their first four issues, the Riveras assert the trial judge erred in granting Countrywide's traditional motion for summary judgment on limitations. The Riveras and Countrywide agree the four-year statute of limitations applies to the constitutional and fraudulent lien causes of action. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.051 (Vernon 2008) (when no corresponding action expressly listed within statutes, residual four-year statute of limitations applies); *Ho v. Univ. of Tex. at Arlington,* 984 S.W.2d 672, 686 (Tex.App.-Amarillo 1998, pet. denied) (same). They disagree, however, on the date of accrual of those causes of action. Countrywide asserts the causes of action accrued on either the date of Burchett's overstated appraisal, September 1, 2001, or the date of the loan closing, September 28, 2001. Although their argument is not clear, it appears the Riveras claim the proper accrual date is the date of the final install-

ment or payment on the home equity note or, in the event of foreclosure, the date of acceleration of the note. The Riveras further argue the discovery rule and fraudulent concealment doctrine apply to preclude summary judgment on limitations grounds.

■ Defendants moving for summary judgment on the affirmative defense of limitations must prove conclusively the elements of that defense. *Pustejovsky v. Rapid–American Corp.,* 35 S.W.3d 643, 646 (Tex.2000). *See* TEX.R. CIV. P. 166a(c). This includes conclusively proving when the cause of action accrued. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999).

■ Neither the constitutional provision or the fraudulent lien statute define the accrual date. *See* TEX. CONST. art. XVI, § 50(a)(6)(A)-(Q); TEX. CIV. PRAC. & REM. CODE ANN. § 12.002(a), (b) (Vernon Supp. 2008). Therefore, we must determine the accrual date for limitations purposes. *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 567 (Tex.2001) (when cause of action accrues is question of law, not fact); *Childs v. Haussecker,* 974 S.W.2d 31, 36 (Tex.1998) (courts charged with "responsibility of articulating the rules governing accrual" when accrual date not defined in statute). The general rule governing the accrual of a claim for purposes of limitations is the "legal injury rule," which states that a claim accrues "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Murphy v. Campbell,* 964 S.W.2d 265, 270 (Tex.1997).

■ In this case, we conclude the legal injury occurred when Countrywide made a loan to the Riveras in excess of the amount allowed by law. The constitution provides that the cap on the amount of the home equity loan must not exceed eighty percent of the fair market value of the homestead "on the *date the extension of credit is made.*" TEX. CONST. art. XVI, § 50(a)(6)(B) (emphasis added). *See also* TEX. CONST. art. XVI, § 50(a)(6)(J) (may not accelerate home equity loan because of decrease in homestead market value). Under the constitutional amendment, when a lender makes a loan in violation of the eighty-percent cap, the borrower has a right to bring suit for forfeiture of all principal and interest resulting from the extension of credit at any time after the loan closes. TEX. CONST. art XVI, § 50(Q)(x). Thus, the Riveras' cause of action for Countrywide's violation of the eighty-percent loan cap resulting in forfeiture of all principal and interest accrued September 28, 2001, the date of closing of the Riveras' home equity loan.

Because the cause of action accrued September 28, 2001, the Riveras had until September 28, 2005 to file their cause of action. Nevertheless, the Riveras did not file their original petition until March 31, 2006. Under these circumstances, we cannot conclude the trial judge erred in granting Countrywide's motion for summary judgment on limitations.

In reaching this conclusion, we reject the Riveras' argument that the cause of action did not accrue until the "maturity date of the last note, obligation, or installment." The Riveras claim it would be "manifestly unjust to permit a lender to force the sale of a property up to four years after the due date of the last payment (or acceleration) while limiting a borrower's defense against such action to four years after the making of the note." A lenders's right to foreclose is based on a borrower's breach of the underlying note. This is not analogous to a suit for the constitutional violation of the eighty per-

cent cap on a home equity loan. A borrower may make payments on the note for many years, but the lender's suit for breach of contract only accrues when the borrower fails to make a scheduled payment. The borrower's obligations under the note are only extinguished upon the "maturity date of the last note, obligation, or installment." In contrast, a borrower could sue a lender for a constitutional violation of the eighty percent cap on a home equity loan the day after closing on the loan.

■ The Riveras alternatively argue the discovery rule and the doctrine of fraudulent concealment are grounds for concluding the trial judge erred in granting summary judgment for Countrywide on limitations. To rely on the discovery rule or the doctrine of fraudulent concealment, the Riveras were required to properly plead and prove each defense to negate Countrywide's limitations challenge. *See Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex.2006) (defendant's motion for summary judgment based on limitations need not negate discovery rule unless plaintiff pleaded it); *Weaver v. Witt*, 561 S.W.2d 792, 793 (Tex.1977) (plaintiff bears burden of pleading and proving fraudulent concealment as defense to limitations challenge). Here, the Riveras did not plead the discovery rule or the fraudulent concealment defense until their first amended petition. That petition was filed after the submission date of the motions for summary judgment and without leave of court. Thus, the Riveras have waived any right to assert the discovery rule or fraudulent concealment in response to Countrywide's motion for summary judgment based on limitations.[4] *See* Tex.R. Civ. P. 63 and 166a(c); *Sosa v. Cent. Power & Light*, 909 S.W.2d 893, 895 (Tex.1995) (applying rule 63 to summary judgment proceeding); *Automaker, Inc. v. C.C.R.T. Co.*, 976 S.W.2d 744, 745 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (summary judgment decided on pleadings on file at time of hearing or filed thereafter and before judgment with permission of court). Thus, we cannot conclude the discovery rule or the doctrine of fraudulent concealment applies in this case. We overrule the Riveras' first, second, third and fourth issues.

## The Riveras' Damages

■ Countrywide, Landsafe, and Burchett filed no-evidence motions for summary judgment on the Riveras' claims for damages relating to their common law causes of action. These damages were limited to mental anguish and out of pocket expenses. The trial judge granted the summary judgment motions. In their sixth issue, the Riveras assert Countrywide, Landsafe, and Burchett "failed to establish as a matter of law that Rivera[s] did not incur damages." We note this is an incorrect characterization of the burden upon the parties filing a no-evidence motion for summary judgment. *See Gen. Mills*, 12 S.W.3d at 833. Nevertheless, we reject the Riveras' complaints for other reasons.

Texas Rule of Appellate Procedure 38 provides that a brief to this Court shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. Tex.R.App.

---

4. We make no comment whether the discovery rule or fraudulent concealment doctrine would have applied if either had been properly asserted, nor do we address whether, under the facts of this case, a fact issue would have existed precluding summary judgment for Countrywide.

P. 38.1. In their appellate brief, the Riveras have cited no record references or legal analysis in support of mental anguish damages and no legal analysis or legal authority in support of their claim for out-of-pocket expenses. Under these circumstances, we conclude the Riveras have failed to adequately brief this issue. Because the Riveras have failed to adequately brief this ground or cite to competent summary judgment evidence that would raise a fact issue on the claimed out-of-pocket expenses and mental anguish damages, they have waived their challenge to summary judgment on these damages. *See McIntyre v. Wilson,* 50 S.W.3d 674, 682 (Tex.App.-Dallas 2001, pet. denied). We overrule the Riveras' sixth issue. In light of our disposal of the Riveras' sixth issue, we need not address the Riveras' fifth issue. *See* TEX.R.APP. P. 47.1.

## Burchett's Attorney's Fees

■ In their seventh issue, the Riveras assert the trial judge erred in awarding attorney's fees to Burchett. Under this issue, the Riveras claim the trial judge had "no authorities upon which to base" the award of attorney's fees and costs. We agree.

■ A trial judge's award of sanctions is reviewed under an abuse of discretion standard. *Herring v. Welborn,* 27 S.W.3d 132, 143 (Tex.App.-San Antonio 2000, pet. denied). In her answer on file at the time of submission of her motion for summary judgment, Burchett pleaded there was no basis in law or in fact for the action against her, and she should recover her attorney's fees and costs as a sanction pursuant to section 10.001 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 10.001 (Vernon 2002). On May 1, 2007, the trial judge granted Burchett summary judgment. On June 6, 2007, Burchett moved for award of her attorney's fees and costs. The trial judge signed the order granting Burchett's motion for attorney's fees and costs. The trial judge later granted Burchett's motion to clarify the order granting attorney's fees and costs, increasing the amount of attorney's fees awarded. Neither of the orders granting attorney's fees state the ground or grounds on which attorney's fees were awarded to Burchett. Under Chapter 10, a trial judge must specifically detail the sanctionable conduct in its order and explain the basis for the sanction imposed. TEX. CIV. PRAC. & REM.CODE ANN. § 10.005 (Vernon 2002). Failure to set forth the conduct that forms the basis for the sanction is an abuse of discretion. *Loeffler v. Lytle Indep. School Dist.,* 211 S.W.3d 331, 349 (Tex.App.-San Antonio 2006, no pet.). The trial judge abused his discretion in failing to set forth facts or analysis in the judgment to support an award of attorney's fees as a sanction.

■ In her post-judgment motion, Burchett asserted the action was groundless under section 17.50(c) of the Texas Business and Commerce Code as an additional basis for recovery of attorney's fees. *See* TEX. BUS. & COM.CODE ANN. § 17.50(c) (Vernon Supp.2008). We do not address this claim, however, because this ground of recovery was not pleaded at the time of the submission of Burchett's motion for summary judgment. *See Akin Prods. Co. v. Bush,* 319 S.W.2d 404, 405 (Tex.Civ. App.-Fort Worth 1958, writ ref'd n.r.e.) (judge examines pleadings on file at time of hearing motion for summary judgment). It is well settled that a judge may not grant relief not supported by pleadings or prayer. *See* TEX.R. CIV. P. 301; *Payne v. Laughlin,* 486 S.W.2d 192, 194 (Tex.Civ. App.-Dallas 1972, no writ) (cannot properly award judgment on theory not disclosed by pleadings.); *Bradley v. Castro,* 591 S.W.2d 304, 307 (Tex.Civ.App.-Fort Worth 1979,

no writ). Burchett's prayer for attorney's fees in her original answer does not authorize the judge to grant a form of relief not pleaded. *See Am. Quarter Horse Ass'n v. Rose,* 525 S.W.2d 227, 231 (Tex. Civ.App.-Fort Worth 1975, no writ).

We sustain the Riveras' seventh issue. We reverse the judgment of the trial judge awarding Burchett her attorney's fees, and judgment is rendered that Burchett take nothing on her claim for attorney's fees.

## Motion for Continuance

In their eighth issue, the Riveras contend the trial judge erred in denying their motion for continuance of the no-evidence motions for summary judgments on damages because they were not allowed adequate time to conduct discovery.

■ The denial of a motion for continuance is reviewed under an abuse of discretion standard. *Gen. Motors v. Gayle,* 951 S.W.2d 469, 476 (Tex.1997) (orig.proceeding). The denial will only be reversed if the trial judge's action was arbitrary, unreasonable, or without reference to any guiding rules and principles. *See BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 800 (Tex.2002).

■ The Riveras' original petition designated the case as level 2 for discovery purposes under Texas Rule of Civil Procedure 190.3. Under rule 190.3, the discovery period ended the earlier of thirty days before the date set for trial or nine months after the earlier of the date of the first oral deposition or the date of the first response to written discovery. *See* Tex.R. Civ. P. 190.3(b)(1)(B). Burchett's and Countrywide and Landsafe's motions for summary judgment were filed March 26 and 30, 2007, respectively.

In their motion for continuance, the Riveras asserted they were entitled to a continuance because the May 2007 trial setting was the first trial setting and depositions were scheduled in late April. The Riveras did not describe any efforts to obtain discovery prior to those deposition dates or why discovery could not be conducted in the six-month period prior to the filings of the motions for summary judgment.[5] *See Risner v. McDonald's Corp.,* 18 S.W.3d 903, 909 (Tex.App.-Beaumont 2000, pet. denied) (no showing of diligence when party did not explain why could not obtain discovery in 18 months between filing of suit and summary judgment hearing). The supreme court has noted "[i]t is also well established that the failure of a litigant to diligently utilize the rules of civil procedure for discovery purposes will not authorize the granting of a continuance." *State v. Wood Oil Distrib., Inc.,* 751 S.W.2d 863, 865 (Tex.1988).[6] We

---

5. In her April 19, 2006 answer, Burchett filed a plea in abatement due to the Riveras' failure to provide pre-suit notice of their deceptive trade practice act claim. *See* Tex. Bus. & Com.Code Ann. § 17.505(d) (Vernon 2002). The Riveras argue the case was automatically abated for 148 days, from the filing on April 19, 2006 until Burchett waived the abatement by responding to discovery on September 26, 2006. Burchett argues she waived the abatement when she responded to the Riveras' discovery on May 22, 2006. The record does not confirm the date Burchett's discovery responses were served. Even assuming this matter was abated through September 26, 2006, the Riveras had seven months before

submission of the no-evidence motions for summary judgment to conduct discovery. This factor favors the trial judge's determination that adequate time for discovery had passed. *See Rest. Teams Int'l, Inc. v. MG Secs. Corp.,* 95 S.W.3d 336, 341 (Tex.App.-Dallas 2002, no pet.).

6. The Riveras did not request a continuance of the submission of Countrywide, Landsafe, and Burchett's traditional motions for summary judgment. Even if the trial judge had granted a continuance with regard to the no-evidence motions under rule 166a(i), the motion for continuance did not seek to disturb submission of the traditional summary judg-

conclude the trial judge did not abuse his discretion in denying the motion for continuance. We overrule the Riveras' eighth issue.

### Motion for New Trial

In their ninth issue, the Riveras contend the trial judge erred in denying their motion for new trial based on newly discovered evidence.

██ Whether a motion for new trial on the ground of newly discovered evidence will be granted or refused is generally a matter addressed to the sound discretion of the trial judge, and the trial judge's action will not be disturbed on appeal absent an abuse of discretion. *Jackson v. Van Winkle,* 660 S.W.2d 807, 809 (Tex.1983). A trial judge abuses his discretion when he acts in an arbitrary or unreasonable manner, or if he acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). On review, every reasonable presumption will be made in favor of orders of the trial judge refusing new trials. *Jackson v. Van Winkle,* 660 S.W.2d at 809–10.

██ The Riveras were required to satisfy the following elements to obtain a new trial based upon newly discovered evidence: (i) admissible relevant evidence introduced on the hearing for new trial demonstrating the existence of newly discovered evidence relied upon; (ii) no knowledge of such evidence until after the conclusion of the trial and that such evidence could not have been discovered prior to the trial with the exercise of due diligence; (iii) such evidence was not cumulative or to be used for impeachment; and, (iv) such evidence would probably produce a different result if a new trial was granted. *See Gilley v. Anthony,* 404

S.W.2d 60, 64 (Tex.Civ.App.-Dallas 1966, no writ) (citing *New Amsterdam Cas. Co. v. Jordan,* 359 S.W.2d 864, 865–66 (Tex. 1962)). Each of the elements must be established by an affidavit of the party. *In re Thoma,* 873 S.W.2d 477, 512 (Tex. 1994).

██ The Riveras filed an unverified motion for reconsideration and new trial asserting newly discovered evidence warranted a new trial. Subsequently, the Riveras filed an affidavit in support of their motion. In the affidavit, the Riveras' attorney makes conclusory statements that the evidence tendered in the motion for new trial is admissible and competent, the evidence presented was made available to him after the deadline for the Riveras to respond to motions for summary judgment, and the evidence is not merely cumulative of other evidence considered by the trial judge in ruling on the motions for summary judgment and would probably produce a different result from the trial judge's summary judgments. The affidavit does not satisfy all necessary elements of a new trial based on newly discovered evidence. The affidavit fails to address whether the purported newly discovered evidence was known to the Riveras or how the Riveras were diligent in obtaining such evidence prior to the submission of the summary judgments.

██ Even assuming for the purpose of our analysis the affidavit of the Riveras' attorney was adequate, the record reveals the Riveras failed to establish the requisite elements for a new trial based on newly discovered evidence.

The purported newly discovered evidence was excerpts of the April and May depositions of Burchett, Bain, and the Landsafe representative, and documents

---

ment motions, which were ultimately granted by the trial judge.

produced by Countrywide and Landsafe in May 2007. The burden is on the Riveras to show they exercised the required diligence in procuring the testimony and documents for use in responding to the summary judgments. *See Krider v. Hempftling*, 137 S.W.2d 83, 87 (Tex.Civ. App.-Galveston 1940, no writ). Here, the purported newly discovered evidence could have been discovered in advance of submission of the summary judgments through the exercise of due diligence by timely reviewing the documents Countrywide and Landsafe indicated were available and in noticing the depositions of the parties and witnesses.

Burchett's and Countrywide and Landsafe's motions for summary judgment were filed almost one year after the Riveras' original petition. The parties agreed to an April 27, 2007 submission date for the motions for summary judgment. On June 7, 2006, in response to the Riveras' interrogatories, Countrywide and Landsafe indicated responsive documents would be produced at a mutually agreeable time and place. The record reflects the Riveras did not request to review those documents until April 30, 2007, over ten months later. Countrywide and Landsafe produced the documents on May 2, 2007.

The Riveras knew or could have ascertained persons cognizant of the facts prior to the submission of the motions summary for judgment. This is particularly true of the parties (Burchett, Countrywide and Landsafe) and the neighbor Bain. On February 27, 2007, the depositions of the Riveras were taken. That date, the Riveras assert they first requested proposed dates for the depositions of Countrywide, Landsafe and Burchett. The record indicates the Riveras made a letter request to Burchett's counsel for dates for Burchett's deposition two days after Burchett's motion for summary judgment was filed.

Prior to his deposition, there is no evidence the Riveras had previously attempted to schedule the deposition of neighbor Bain. The fact the Riveras, before submission of summary judgments, knew of the existence of evidence material to their case, but did not compel the attendance of necessary witnesses or take their depositions, evidences a lack of diligence that precludes the grant of a new trial on the ground of newly discovered evidence. *See Tex. Motor Coaches v. McKinney*, 186 S.W.2d 714, 717 (Tex.Civ.App.-Dallas 1945, no writ).

Further, the purported newly discovered evidence (documents and testimony concerning disagreement with Burchett's appraisal or testimony of Bain concerning the date the Riveras first learned of the review appraisal) is cumulative of the summary judgment evidence submitted by the Riveras, is consistent with evidence considered by the trial judge in ruling on the motions for summary judgment, and is not so material that it would probably produce a different result with regard to the summary judgments granted. *See In re Thoma*, 873 S.W.2d at 512.

Finally, summary judgments were granted in favor of Countrywide, Landsafe, and Burchett on damages and limitations, as well as in favor of Burchett on fraudulent misrepresentation. There was no purported newly discovered evidence relevant to the no-evidence summary judgments on plaintiff's damages.

On the record before us, we cannot conclude the trial judge abused his discretion in denying the motion for new trial. We overrule the Riveras' ninth issue.

We affirm the no-evidence summary judgments in favor of Countrywide, Burchett and Landsafe as to the Riveras' common law cause of actions. We affirm the summary judgment in favor of Countrywide on limitations on the constitutional

and fraudulent lien statute cause of actions. We reverse the award of Burchett's attorney's fees and render judgment that Burchett take nothing on her attorney's fees claim.