# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00477-CV

**John Koo-Hyun Kim, Appellant**

**v.**

**Moon-Seok Kim, Byung-Jin Choi, Hong-Il Kim, Yong-Kewn Shin, Hyung-Jin Rim, and Do-Yong You, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. D-1-GN-08-001719, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On May 19, 2008, appellant John Koo-Hyun Kim ("Kim") filed a pro se petition in the trial court seeking an ex parte temporary restraining order and temporary injunction against several defendants,[1] alleging that they, using a constable, threatened Kim and had him evicted from his church, the American Korean Presbyterian Church (AKPC), during worship services when he sought to address the congregation and ask questions related to the recent removal or resignation of AKPC's pastor, Dr. Park Yong-Jin. Kim's petition seemed to ask the trial court (1) to order the defendants not to interfere with Kim's efforts to speak at the church; (2) to require the church to hold a congregational meeting on May 25, 2008, six days after Kim filed his petition; (3) to restore

---

[1] The named appellees were the individuals Kim named in his most recent filings in the trial court. The named defendants in the underlying proceeding changed from document to document.

Dr. Park as pastor; and (4) to bar the defendants from coming onto church property altogether.**²**

On May 19, the trial court signed an order declining to grant a temporary restraining order, stating that Kim's petition did not show irreparable harm or an inadequate legal remedy, and setting Kim's application for a temporary injunction for a hearing on May 29, 2008. On June 9, following that hearing, the trial court signed an order denying Kim's request for injunctive relief.

---

**²** We say Kim's petition "seemed" to request certain action because his filings are extremely difficult to understand. Some of the evidence he attached was in Korean, another exhibit was a page of photocopied newspaper articles related to Texas courts' review of the removal of children from the Yearning for Zion Ranch, and in one filing he apparently compares his treatment by his church to the treatment of protesters at a meeting of the Democratic National Committee.

Kim's filings in this Court are similarly difficult to understand. In his brief, Kim asks us to grant "default judgment" against the appellees, refers to the Bible for support, and recites his own version of the facts without citing to evidence in the record or authority based in statute or case law. *See* Tex. R. App. P. 38.1(f)-(i). Pro se litigants are generally held to the same procedural rules as represented parties. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). Kim's filings do not satisfy the rules of civil or appellate procedure, and we could hold that any complaints are waived and summarily affirm the trial court's order. *See Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 842 (Tex. App.—Dallas 2008, no pet.) ("Because the Riveras have failed to adequately brief this ground . . . they have waived their challenge to summary judgment on these damages."). In the interest of justice, however, we will attempt to address Kim's complaints to the extent we can discern them.

We must note that in addition to this cause, Kim has filed ten other proceedings in this Court alone and has not prevailed in the nine matters that have been decided before this date. *See In re Kim*, No. 03-07-00218-CV; *In re Kim*, No. 03-07-00219-CV; *Kim v. United Cent. Bank*, No. 03-07-00223-CV; *Kim v. State Farm Ins. Co.*, No. 03-07-00224-CV; *In re Kim*, No. 03-07-00243-CV; *Kim v. Texas Workforce Comm'n*, No. 03-07-00267; *Kim v. Austin Cmty. Coll.*, No. 03-07-00320-CV; *Kim v. Walnut Creek Apartment Manager's Supervisors*, No. 03-07-00519-CV; *In re Kim*, No. 03-09-00113-CV; *see also Kim v. Yeakel*, No. 03-07-00309-CV (abated). We recently affirmed one trial court's determination that Kim was a vexatious litigant, discussing the difficulties this Court has faced in attempting to decipher Kim's filings and our fruitless attempts to instruct him as to the requirements placed on parties by the rules of civil and appellate procedure. *See In re Kim*, No. 03-09-00113-CV (Tex. App.—Austin June 2, 2009, orig. proceeding), *available at* www.3rdcoa.courts.state.tx.us/opinions/HTMLOpinion.asp?OpinionID=18151.

2

Kim filed a motion with the Travis County Local Administrative Judge complaining about several trial court judges' denials of Kim's motions for a restraining order and injunction and their handling of various hearings and requests made by Kim. On June 30, the administrative judge sent Kim a letter explaining that Kim had not satisfied his burden of showing he was entitled to a restraining order or injunction. The administrative judge said, "I have reviewed your case and your motion and will take no further action. To the extent that your motion could be construed as a motion for rehearing on the temporary restraining order and temporary injunction, that motion is DENIED." On July 7, Kim filed an "Uncontested Motion to grant Temporary Restraining Order," in which he asserted that because the defendants did not appear at a hearing on June 23, Kim was entitled to relief. A hearing was held on July 29, during which the administrative judge explained that Kim had not alleged a cognizable cause of action and that courts lack jurisdiction to interfere in matters related to internal church management and governance. Kim appeals from that refusal to grant his requests for injunctive relief, as well as the other trial courts' denials of his request, and asks us to grant a default judgment against appellees, order appellees to stay away from any AKPC property, and restore Dr. Park as the pastor at AKPC.

We have reviewed the record and Kim's various filings. Setting aside the fact that Kim has provided no evidence of wrongdoing by appellees other than his own unsupported allegations that Dr. Park "disappeared from his church overnight . . . as if he were kidnapped" and that Dr. Park and his family will starve to death, be made homeless, or be deported to South Korea, the administrative judge was correct that the matters of which Kim complains are related to the church's internal governance and its procedures for hiring and firing ministerial staff. These are

3

issues over which courts in this country may not exercise jurisdiction. *See Westbrook v. Penley*, 231 S.W.3d 389, 398-401 (Tex. 2007); *see also Minker v. Baltimore Annual Conference of United Methodist Church*, 894 F.2d 1354, 1357 (D.C. Cir. 1990) ("Not only may a church adopt its own idiosyncratic reasons for appointing pastors, but also it 'has a legitimate claim to autonomy in the elaboration and pursuit of that goal.' We need not find that the factors relied upon by the Church were independently ecclesiastical in nature, only that they were related to a pastoral appointment determination." (citations omitted)); *Hafner v. Lutheran Church-MO. Synod*, 616 F. Supp. 735, 739 (N.D. In. 1985) ("The aforesaid authorities lead this court inescapably to the conclusion that this court lacks subject matter jurisdiction over this dispute between a minister and his church regarding the conditions of his employment and post-employment obligations."). Because Kim complains entirely of decisions and conduct in which the judicial system may not get involved, the trial court judges properly denied Kim's requests for injunctive relief. We affirm the trial courts' orders and dismiss any outstanding motions filed by Kim or appellees.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: July 17, 2009

4