# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00513-CV

**Frank Dwight Carter, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GN-01-003232, HONORABLE JOSEPH H. HART, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Frank Dwight Carter, an inmate in the Texas Department of Criminal Justice-Institutional Division, sued the State of Texas seeking compensation for wrongful imprisonment and violations of his civil rights. The record reflects that in June 1989, Carter was indicted by the Lubbock County Grand Jury in cause number 89-409,601 for two counts of aggravated robbery. On July 7, 1989, another grand jury in Lubbock County indicted Carter in cause 89-409,752 for the same two charges of aggravated robbery, adding an enhancement paragraph alleging that Carter had been convicted of theft in 1983. On July 12, 1989, the 99th District Court granted the State's motion to dismiss the indictment in cause 89-409,601, which stated, "This case was reindicted in Cause no. 89-409,752 by the 137th District Court Grand Jury on July 7, 1989." On August 9, 1989, the 137th and the 99th District Courts signed a transfer order in cause 89-409,752 that stated that Carter was indicted by the grand jury in the 137th District Court of Lubbock

County and that the cause was transferred to the 99th District Court.[1] In June 1990, the 99th District Court conducted a jury trial in cause 89-409,752, and Carter was convicted and sentenced to life in prison.

In his original petition, Carter alleged that after the dismissal of charges in 89-409,601, the 99th District Court was without jurisdiction to prosecute and convict him and that his conviction and prison sentence were therefore void. The State filed a plea to the jurisdiction, asserting that Carter did not qualify for the limited waiver of sovereign immunity granted by section 103.001 of the civil practice and remedies code, which allows someone to sue the State if he has served time in prison and has been pardoned or granted relief based on innocence. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 103.001, .101 (West 2005). The State further asserted that section 1983 of the U.S. Code does not create a remedy against the State and, thus, Carter's claims for civil rights violations under section 1983 were barred by the Eleventh Amendment. The trial court signed an order granting the State's plea as far as Carter's section 1983 claims and denied the plea as to his chapter 103 claims. Carter appeals from that order. *See id*. § 51.014(a)(8) (West 2008) (allowing interlocutory appeal from order granting or denying governmental unit's plea to the

---

[1] The record contains an excerpt of a transcript from a lawsuit Carter filed in federal court against Lubbock County in which the assistant criminal district attorney for Lubbock County explained to the federal court that the charges in cause 89-409,601 were dismissed because the original indictment did not include an enhancement paragraph and that Carter was re-indicted in cause 89-409,752 "with an enhancement so there are two cause numbers but they are exactly the same case." Finally, the record contains findings of fact and conclusions of law filed by the 99th District Court in Carter's post-conviction habeas corpus proceeding in which the court said: the "record proves that the State timely and properly presented the indictment to the court before the court tried the cause; therefore the court had jurisdiction over cause number 89-409,752"; Carter had not made any pre-trial objections to the indictment; and the indictment was properly and timely presented and, thus, there was no error related to the indictment.

2

jurisdiction). Carter, who is pro se, has not filed a brief that complies with the rules of appellate procedure, *see* Tex. R. App. P. 38.1, instead filing a motion asking us to review the record and his arguments made below.[2] We affirm the trial court's dismissal of Carter's section 1983 claims.

Section 1983 provides that a "person" who violates a plaintiff's civil rights can be sued and subjected to liability. 42 U.S.C.A. § 1983 (West 2003). However, the Supreme Court has explained that section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (citations omitted). The Court refused to adopt the argument "that Congress intended nevertheless to create a cause of action against States to be brought in state courts, which are precisely the courts Congress sought to allow civil rights claimants to avoid through § 1983" and stated that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 66, 71; *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997) ("§ 1983 actions do not lie against a State"). Therefore, Carter may not sue the State

---

[2] Pro se litigants are generally held to the same procedural rules as parties represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). Rule 38.1 provides guidance for what an appellant's brief must contain. *See* Tex. R. App. P. 38.1. Carter's filings in this appeal do not satisfy rule 38.1 and, thus, we could hold that any complaints are waived and summarily affirm the trial court's order. *See Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 842 (Tex. App.—Dallas 2008, no pet.) ("Because the Riveras have failed to adequately brief this ground . . . they have waived their challenge to summary judgment on these damages."). In the interest of justice, however, we will examine whether the trial court properly dismissed Carter's section 1983 claim against the State.

under section 1983 and the trial court did not err in dismissing Carter's section 1983 claims. We

affirm the trial court's order partially granting the State's plea to the jurisdiction.


_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: July 17, 2009