# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00100-CV

### Grant Trevarthan, Appellant

### v.

### Ocwen REO Trust, a Delaware Statutory Trust; Secretary of Housing and Urban Development; Mortgage Electronic Registration System (MERS); Brandon Wolf and Mark Hopkins, Appellees

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT NO. 11-068-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Grant Trevarthan appeals from the trial court's order granting appellees' motion for summary judgment and dismissing his claims. We affirm the trial court's order.

### Factual and Procedural Summary[1]

In October 2005, Richard Oris bought a piece of property, borrowing about $108,000 from mortgagor MILA, Inc. In October 2010, foreclosure proceedings were initiated, and Ocwen bought the property at the foreclosure sale on January 4, 2011. On January 26, 2011, Trevarthan

---

[1] The facts are well-known to the parties, and we will not recite them in detail, *see* Tex. R. App. P. 47.1 (appellate court opinions should be as "brief as practicable"), 47.4 (memorandum opinions should be "no longer than necessary to advise the parties of the court's decision and the basic reasons for it"), nor will we recite the well-established rules for reviewing the granting of summary judgment, *see Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

filed a suit to quiet title, asserting that he had obtained the property from Oris in December 2010, that he held superior title, and that the foreclosure sale was invalid. Appellees filed a motion for summary judgment, asserting that the foreclosure was proper, attaching copies of Oris's 2005 loan documents and deed of trust; an August 2009 Transfer of Lien executed by MERS, as "nominee" for MILA, transferring the lien to Ocwen; an acceleration notice sent by Ocwen to Oris in October 2010; a notice sent to Oris on December 10, 2010, stating that the foreclosure sale would take place on January 4, 2011; the notice of foreclosure sale filed in the public records on December 13, 2010; and the foreclosure sale deed dated January 12, 2011, stating that Ocwen had bought the property on January 4. Trevarthan also filed a motion for summary judgment, asserting that Oris signed a quit-claim deed in Trevarthan's favor in December 2010, and that he therefore held superior title.[2] After a hearing, the trial court granted appellees' motion.

Trevarthan then filed a motion for new trial arguing for the first time that the transfer of lien from MILA to Ocwen was void because MILA had declared bankruptcy and had obtained an order from the bankruptcy court allowing MILA to reject membership in MERS. Trevarthan argued that the later transfer of lien from MILA to Ocwen by way of MERS was therefore void, making the foreclosure proceeding void. He further argued that "[n]ot all evidence was before the court at the time of trial" and that he had uncovered new evidence, stating that he had attempted at the summary judgment hearing to introduce evidence related to MILA's rejection of MERS membership but that the trial court had declined to admit the evidence. He attached the bankruptcy trustee's motion to

---

[2] Trevarthan represented himself for most of the underlying proceeding. It appears that he retained counsel shortly before the summary judgment hearing.

2

reject MILA's MERS membership and the bankruptcy court's order approving the trustee's motion and argued that the court should have taken judicial notice of the "easily accessible publicly available" court records. The trial court denied Trevarthan's motion for new trial, and Trevarthan filed this appeal.

**Discussion**

On appeal, Trevarthan makes the same argument he made in his motion for new trial: that the foreclosure sale was void because the transfer of lien from MILA to Ocwen was void due to the still-pending MILA bankruptcy and associated order allowing MILA to reject membership in MERS. However, in our careful review of the record, we observed that Trevarthan never produced the quit-claim deed he claims he received from Oris in December 2010. The only indications that Trevarthan has any ownership interest in the property are statements in the parties' pleadings. However, "[p]leadings do not constitute summary judgment proof," and "the non-movant must expressly present to the trial court any reasons seeking to avoid" summary judgment and "present summary judgment proof when necessary to establish a fact issue." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *see Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143, 143 (Tex. 1980) (sworn pleadings are not summary judgment evidence); *Welch v. Milton*, 185 S.W.3d 586, 594 (Tex. App.—Dallas 2006, pet. denied) (pleadings are not summary judgment proof, and "conclusory statements are not proper summary judgment proof").

Even assuming Trevarthan's arguments were meritorious and were not waived by his failure to raise them before the summary judgment hearing, assumptions that are far from certain,[3] he has not shown any evidence that he has any relation to this property or the foreclosure sale. *See Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex. 1988) (generally, only mortgagor or party in privity with mortgagor has standing to contest validity of foreclosure sale under mortgagor's deed of trust; third party with legal or equitable property interest that is affected has standing to challenge sale). Appellees presented summary judgment evidence that showed Ocwen's ownership of the property, and Trevarthan did not present any evidence before the trial court to show any ownership interest on his part.

## Conclusion

We affirm the trial court's order granting summary judgment on behalf of appellees and dismissing Trevarthan's claims with prejudice.

---

[3] A party who opposes a motion for summary judgment may not on appeal raise a ground not presented to the trial court and supported by summary judgment proof, when necessary to establish a fact issue. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Responses and evidence opposing summary judgment must be filed at least seven days before the hearing, unless the party obtains the trial court's permission, and documentary evidence must be sworn-to or certified. *See* Tex. R. Civ. P. 166a(c), (f). Other than the insufficiency of the movant's summary judgment evidence, an issue asserted for the first time in a motion for new trial is waived. *Day Cruises Maritime, L.L.C. v. Christus Spohn Health Sys.*, 267 S.W.3d 42, 58 n.16 (Tex. App.—Corpus Christi 2008, pet. denied). Further, a party who seeks new trial based on "newly discovered evidence" must show that, for reasons other than his own want of due diligence, the evidence came to his knowledge since the trial, is not cumulative, and is so material that it would probably lead to a different result. *See Yuen v. Fisher*, 227 S.W.3d 193, 204 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The trial court has broad discretion in deciding to deny a motion for new trial based on newly discovered evidence, and we will indulge every reasonable presumption in favor of the court's order. *See Jackson v. Van Winkle*, 660 S.W.2d 807, 809-10 (Tex. 1983); *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 844 (Tex. App.—Dallas 2008, no pet.).

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   March 6, 2014