

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

---

No. 08-25-00079-CV

---

Blanca Concepcion Gutierrez-Morales, Appellant

v.

Adrian Jesus G. Morales, Appellee

---

On Appeal from the County Court at Law No 6
El Paso County, Texas
Trial Court No. Yes

---

## MEMORANDUM OPINION

In her sole point of error, Appellant Blanca Concepcion Gutierrez-Morales appeals from

the trial court's denial of her motion for new trial based on newly discovered evidence. We affirm.

### I. BACKGROUND

Gutierrez-Morales filed suit under Chapter 23 of the Texas Property Code for the partition

of her father's home,[1] which she elected be sold and the proceeds be apportioned among the parties

---

[1] Described as follows: Lot 12, Block 44, RANCHLAND HILLS UNIT FIVE, an Addition to the City of El Paso, El Paso County, Texas, according to the First Revised map of said Addition on file in the Back of Book 752 of the Deed Records of El Paso County, Texas, commonly known as 7203 Wilcox, El Paso, Texas.

she alleged were "co-tenants who jointly own in fee simple the real property."[2] The trial court ordered mediation, and Gutierrez-Morales and Appellee Adrian Jesus G. Morales settled. Gutierrez-Morales agreed to sell her interest in the home to Morales for $40,000 and to convey her interest to him. The trial court heard the case and later signed a "JUDGMENT IN PARTITION SUIT AND ORDER OF SALE" that memorialized the settlement agreement, found that Gutierrez-Morales and Morales are co-tenants, apportioned the parties' interests, and ordered the sale of the home.

Gutierrez-Morales timely filed a motion for new trial, asserting that based on newly discovered evidence, the trial court improperly partitioned the home, a potential conflict of interest involved her trial counsel, and that she had only recently learned of the home's true condition. In support of her motion, Gutierrez-Morales attached a copy of Morales's birth certificate, the docket sheet of a separate probate action showing trial counsel as retained counsel, and photos of the home. The motion for new trial was overruled by operation of law. This appeal followed.

## II. DISCUSSION

Gutierrez-Morales contends the trial court abused its discretion by failing to grant her motion for new trial based on three instances of newly discovered evidence. As alleged in her motion, and on appeal, Gutierrez-Morales believes the percentage of partition of the home is incorrect because "there have been assertions that [Morales was] adopted" which she states is evidenced by Morales's birth certificate, which shows the absence of [their father], or any father[.]" She also asserts that her trial counsel, John B. Bright, represented Morales's mother in a separate probate matter, and she "reasonably believes there may be a major conflict of interest that was embedded in the very fabric of these matters." She lastly asserts that she "only very recently had become aware of the actual status" of the home and that the "actions of [Morales's mother]

---

[2] Adrian Jesus G. Morales, Guadalupe Morales, and Michael Morales were originally named as defendants. Gutierrez-Morales later nonsuited Guadalupe Morales and Michael Morales.

inhibited [her] from inspecting and assessing the state of the [home]," which "detrimentally affected [her] in all phases of negotiations and an equitable ability to determine reasonable decisions-making in these circumstances."

A trial court's ruling on a motion for new trial is reviewed for abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). However, as a threshold matter, Gutierrez-Morales has waived her point of error by failing to present her motion for new trial at a hearing and introduce evidence at such hearing. Although the overruling of a motion for new trial generally preserves some appellate complaints, it does not preserve error regarding a new-trial motion based on newly discovered evidence. *Villarreal v. Villarreal*, No. 14-03-00577-CV, 2004 WL 1381025, at *2 (Tex. App.—Houston [14th Dist.] June 22, 2004, no pet.) (mem. op.); *Keever v. Finlan*, 988 S.W.2d 300, 315 (Tex. App.—Dallas 1999, pet. dism'd). Texas Rule of Appellate Procedure 33.1 provides: "In a civil case, the overruling by operation of law of a motion for new trial or a motion to modify the judgment preserves for appellate review a complaint properly made in the motion, *unless taking evidence was necessary to properly present the complaint in the trial court.*" Tex. R. App. P. 33.1(b) (emphasis added). "Mere allegations by a movant do not suffice to obtain a new trial on the basis of newly discovered evidence." *Villarreal*, 2004 WL 1381025, at *2. Rather, to obtain a new trial based on  newly discovered evidence, Gutierrez-Morales was required to introduce admissible, competent evidence during a new-trial hearing establishing that: (1) the evidence has come to knowledge since the trial, (2) failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted.[3] *See Waffle House*,

---

[3] Gutierrez-Morales acknowledged in her motion for new trial that "Admissible, competent evidence must be introduced on the hearing of the motion for new trial showing the existence of the newly discovered evidence relied upon."

313 S.W.3d at 813; *Mousilli v. Sweed*, No. 14-20-00866-CV, 2022 WL 1218583, at *2 (Tex. App.—Houston [14th Dist.] April 26, 2022, no pet.) (mem. op.); *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 844 (Tex. App.—Dallas 2008, no pet.) (citations omitted) ("The [appellants] were required to satisfy the following elements to obtain a new trial based upon newly discovered evidence": (1) "admissible relevant evidence introduced on the hearing for new trial demonstrating the existence of newly discovered evidence relied upon"; (2) "no knowledge of such evidence until after the conclusion of the trial and that such evidence could not have been discovered prior to the trial with the exercise of due diligence"; (3) "such evidence was not cumulative or to be used for impeachment"; and, (4) "such evidence would probably produce a different result if a new trial was granted. Each of the elements must be established by an affidavit of the party.").

Gutierrez-Morales did not request a hearing in her motion for new trial and our record shows that no hearing on the motion was held. On appeal, there is no mention of a new-trial hearing.[4] Because no hearing on the new-trial motion was held, nothing is preserved for our review. *See Mousilli*, 2022 WL 1218583, at *2 (holding appellant waived complaint that trial court erred by failing to grant motion for new trial based on newly discovered evidence because appellant "failed to attach any evidence to his motion or submit evidence to the trial court during a hearing on the motion[.]"); *Villarreal*, 2004 WL 1381025, at *2 (holding appellant waived complaint that trial court erred by failing to grant motion for new trial based on newly discovered evidence because the motion required the admission of evidence and no hearing was held on the motion). Gutierrez-Morales's sole issue is overruled.

---

[4] Gutierrez-Morales does not assert in her brief that a new-trial hearing was held, and Morales did not file a response brief.

## III. Conclusion

The judgment of the trial court is affirmed.

MARIA SALAS MENDOZA, Chief Justice

March 23, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.