**USA CUSTOM PAINT & BODY SHOP, INC., Appellant,**

v.

**Brad STEWART, Appellee.**

No. 6–92–074–CV.

Court of Appeals of Texas, Texarkana.

May 11, 1993.

Rehearing Denied June 8, 1993.

David Sosebee, Richmond, Kenneth L. Smith, Houston, for appellant.

C. Michael Clark, Calvin, Dylewski, Gibbs, Maddox, Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

USA Custom Paint & Body Shop, Inc. (USA) appeals from a judgment in a garnishment proceeding. By the terms of the judgment, USA's bank is directed to withhold funds in USA's bank accounts for the benefit of Brad Stewart. The garnishment is based on a judgment rendered in favor of Stewart against USA on March 18, 1991.

On appeal, USA raises a single point of error in which it contends that the trial court erred by refusing to dissolve the writ of garnishment. It contends that the underlying judgment on which the garnishment is based is void because the case was dismissed for want of prosecution and never reinstated before the judgment was rendered. We agree and reverse.

A threshold question is whether USA may attack the underlying judgment in this proceeding. Erroneous judgments that are merely voidable may be challenged only by direct attacks. *Fleming v. Seeligson and Ellis*, 57 Tex. 524 (1882). USA has not brought a direct attack. A void judgment may be attacked collaterally at any time and in any proceeding. *Bowers v. Chaney*, 21 Tex. 363 (1858).

A judgment is void when the court lacks the jurisdictional power to render it. Thus, a judgment is void if the court rendering it has (1) no jurisdiction of the person of a party or his property, (2) no jurisdiction of the subject matter, (3) no jurisdiction to enter the particular judgment, or (4) no capacity to act as a court. *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987); *Austin Independent School District v. Sierra Club*, 495 S.W.2d 878, 881 (Tex.1973).

An attack in a garnishment proceeding against the original judgment on which the writ of garnishment was issued is a collateral attack on that judgment. *Tom Benson Chevrolet Co. v. Beall*, 567 S.W.2d

857 (Tex.Civ.App.–San Antonio 1978, writ ref'd n.r.e.); *Olton State Bank v. Howell*, 105 S.W.2d 287 (Tex.Civ.App.–Amarillo 1937, no writ).

■ In this case, it is clear that the trial court had capacity to act as a court, had jurisdiction over the subject matter of the original debt action, and as long as the case was pending, had jurisdiction to enter a judgment. To prevail in its collateral attack, then, USA must show that the judgment is void because the court had no jurisdiction of either USA or its property.

■ USA contends that the case against it had been dismissed for want of prosecution before the entry of the judgment of March 18, 1991, and no order of reinstatement was ever signed. If the case had been dismissed and not reinstated as USA contends, the trial court would not have had a case before it in which to render judgment and would not have had jurisdiction over USA. Although this is not the usual context in which jurisdictional questions are analyzed, it is clear that if a case is not before a court at all, the court has nothing over which to exercise its jurisdiction. Accordingly, any action concerning such a case would have no legal effect.

The trial court held a hearing on this issue on December 4, 1991. At that time, various exhibits were introduced into evidence. USA relied mainly on a document entitled "Order of Dismissal for Want of Prosecution." It stated: "This case has been dismissed for Want of Prosecution for failure to file a Motion to Retain as previously requested." The order is signed by the trial judge, dated October 20, 1987, and has attached to it an exhibit listing several cases, including the one in question here. Testimony showed, however, that a motion to retain had in fact been filed on October 14, 1987, six days before the order of dismissal was signed. Moreover, counsel for Stewart introduced exhibits in the form of copies of activity sheets from the district clerk's office. One of the sheets, labeled "Error/Correction Report," indicates that the case was "DWOP'd[1] in error." It also indicates that this fact was verified with the attorney of record and that the case was still active. But, there is no testimonial evidence supporting or explaining the notations on the sheets or the authority of the persons making the notations. There is, moreover, no docket sheet containing any notation by the trial judge, or any other evidence, documentary or testimonial, indicating that the trial judge ever made a decision to reinstate the case. Indeed, Stewart does not contend that the case was reinstated, but rests his entire argument on the contention that the case was never effectively dismissed. He argues that, because the signed order of dismissal is dated October 20, 1987, and the list of cases attached to the order is in the form of a computer printout with a date of October 24, 1987, on it, the attachment was made by some clerical employee after the fact and is not a part of the order. There is no proof of this, however, and we are bound by the record before us. That record shows a dismissal order signed by the judge which includes the case in question as one of those dismissed. The fact that the judge may have incorporated a computerized record into his dismissal order when he signed it does not render the order ineffective as a judicial act, even if the paper printout of the existing computer record was made after the judge signed the order. *See Gibraltar Savings Ass'n v. Kilpatrick*, 770 S.W.2d 14, 17 (Tex.App.–Texarkana 1989, writ denied); *see also* Ernest E. Figari, Jr., A. Erin Dwyer & Donald Colleluori, *Civil Procedure, Annual Survey of Texas Law*, 45 Sw.L.J. 73, 83 (1991). The case was therefore dismissed for want of prosecution by the October 20, 1987, order.

When a case is dismissed for want of prosecution, a written order of reinstatement must be signed within seventy-five days after the dismissal; otherwise, the judgment of dismissal becomes final. Tex. R.Civ.P. 165a(3). Even a trial court's oral pronouncement and docket entry stating that the case is reinstated is not an acceptable substitute for the written order re-

---

1. Apparently, "DWOP" means dismissed for    want of prosecution.

quired by Rule 165a. Without a timely written order, no reinstatement occurs. TEX.R.CIV.P. 165a(3); *Emerald Oaks Hotel v. Zardenetta,* 776 S.W.2d 577 (Tex.1989); *Walker v. Harrison,* 597 S.W.2d 913 (Tex. 1980); *see also Clark & Co. v. Giles,* 639 S.W.2d 449 (Tex.1982); *Witty v. Rose,* 148 S.W.2d 962 (Tex.Civ.App.–El Paso 1941, writ dism'd).

There was no written order of reinstatement for the cause in question here. Although the dismissal of the case appears to have been based on an erroneous assumption by the trial judge, that counsel had failed to file a motion to retain, the decision in *Emerald Oaks Hotel v. Zardenetta, supra,* and Rule 165a(3) specifically require that a written order reinstating the cause be signed within the requisite time in order for the case to be reinstated. Although the error here appears to be an administrative one similar to that involved in *Charles L. Hardtke, Inc. v. Katz,* 813 S.W.2d 548 (Tex. App.–Houston [1st Dist.] 1991, no writ),[2] we note that the clerk does not have the power to either dismiss a case or reinstate it. Although an error apparently occurred here, it was made by the trial judge relying on erroneous information provided by the clerk. It was judicial in nature and could not be corrected by a simple notation by a clerk claiming responsibility for the error.

Accordingly, the judgment of garnishment is based on an underlying judgment that is void and cannot stand. The judgment of the trial court is reversed, and judgment is here rendered quashing the writ of garnishment.

It is so ordered.

---

**2.** In *Charles L. Hardtke, Inc. v. Katz,* 813 S.W.2d 548 (Tex.App.–Houston [1st Dist.] 1991, no writ), the court held that clear, concise docket entries initialed by the trial judge and a signed order setting the case for trial constituted a order reinstating the case. That holding has been limited, however, to dismissals not pursu-

ant to TEX.R.CIV.P. 165a(3), which is applicable in this case. *See also First National Bank of Giddings v. Birnbaum,* 826 S.W.2d 189 (Tex. App.–Austin 1992, no writ); *Intercity Management Corp. v. Chambers,* 820 S.W.2d 811 (Tex. App.–Houston [1st Dist.] 1991, mand. motion overr.).