**Brad STEWART, Petitioner,**

v.

**USA CUSTOM PAINT & BODY SHOP, INC., Respondent.**

No. D–4090.

Supreme Court of Texas.

Argued Dec. 16, 1993.

Decided Feb. 2, 1994.

Brett W. Arnold, Houston, for petitioner.

L. David Sosebee, Richmond and Kenneth L. Smith, Houston, for respondent.

Justice HIGHTOWER delivered the opinion of the Court, in which all Justices join.

At issue is the validity of the judgment underlying a writ of garnishment. This case requires that we decide whether a captionless sheet purporting to dismiss an undesignated case and a later attached computer printout listing a number of cases meet the requisites of a valid judgment, dismissing one of the cases included on the printout. The trial court concluded that the case had not been dismissed and the court of appeals reversed. 856 S.W.2d 227. For the reasons explained herein, we reverse the judgment of the court of appeals and remand this cause to

the trial court for further proceedings consistent with this opinion.

In 1985, Brad Stewart (Stewart) sued USA Custom Paint & Body Shop, Inc. (USA Custom) for damages allegedly arising from a car repair. In response to the trial court's notice, Stewart timely filed a motion to retain to prevent dismissal of his suit for want of prosecution. On October 20, 1987, the trial court signed a captionless sheet, noting the dismissal of a case for want of prosecution.[1] Subsequently, Stewart's case was included on a computer printout listing a number of cases dismissed for want of prosecution. The printout has a run date of October 24, 1987, four days after the trial court signed the captionless sheet. At some point, the computer list and the captionless sheet were stapled together and placed in Stewart's file. Although it is unclear how any error in including Stewart's case on the dismissal list came to light, in April and May 1990 correction reports noted that the dismissal was erroneous and the case was reactivated. The trial court rendered a *nihil dicit* judgment against USA Custom in March 1991.

In November 1991, Stewart initiated this proceeding by filing for a writ of garnishment against Lockwood National Bank, claiming that it had possession of USA Custom's funds. Stewart based his request for garnishment on the *nihil dicit* judgment against USA Custom. USA Custom intervened and filed a motion to dissolve the writ of garnishment, asserting that the *nihil dicit* judgment was void because it was signed after the trial court's jurisdiction had expired. USA Custom argued that the trial court had lost jurisdiction because it already had rendered judgment by dismissing the suit for want of prosecution. USA Custom further argued that, because the suit was never reinstated and because there was no evidence of a clerical error in rendering judgment, the judgment became final. After a hearing, the trial court rendered judgment, allowing garnishment from any accounts held at Lockwood National Bank in the name of

---

1. The sheet which was signed by the trial court stated:

    *ORDER OF DISMISSAL FOR WANT OF PROSECUTION*

    This case has been dismissed for Want of Prosecution for failure to file a Motion to Retain as previously requested.

USA Custom, overruling the motion to dissolve in relation to those accounts, but granting the motion to dissolve with respect to any other accounts. Finding that there had been a dismissal for want of prosecution so that the trial court lacked jurisdiction when it entered the *nihil dicit* judgment against USA Custom, the court of appeals reversed the trial court's judgment and rendered judgment for Lockwood National Bank, quashing the writ of garnishment.[2]

Because this is a collateral attack, USA Custom must show that the *nihil dicit* judgment is void. *Kelly v. Gibbs*, 84 Tex. 143, 19 S.W. 563, 563 (1892) (stating that a garnishment proceeding may be defeated by a showing that the judgment relied on by the plaintiff does not, in fact, exist, or that it is void); *Tom Benson Chevrolet Co. v. Beall*, 567 S.W.2d 857, 859 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.) (noting that, in a writ of garnishment proceeding, the attack on the underlying judgment must show that it is nonexistent or void); *see Fleming v. Seeligson*, 57 Tex. 524, 531 (1882) (stating that the only issue in a collateral attack is whether the underlying judgment is void); *Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.*, 821 S.W.2d 283, 287 (Tex. App.—Houston [1st Dist.] 1991, writ denied) (holding that a garnishment proceeding could not proceed because the underlying judgment was null and void). In a collateral attack, the judgment under attack is presumed valid. *White v. White*, 142 Tex. 499, 179 S.W.2d 503, 506 (1944); *Bouldin v. Miller*, 87 Tex. 359, 28 S.W. 940, 941 (1894).

Stewart contends that the captionless sheet, although it was titled as an order of dismissal, was not sufficiently definite and certain on its face to effect a dismissal and that the later attachment of the computer printout did not cure any defect in the order. We agree.

A properly executed order of dismissal is a judgment. *Texas State Bd. of Examiners in Optometry v. Lane*, 337 S.W.2d 801, 803–04 (Tex.Civ.App.—Fort Worth 1960, writ ref'd). However, an order of dismissal must meet the requisites of a valid judgment. A judgment must be sufficiently definite and certain to define and protect the rights of all litigants, or it should provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment into execution without ascertainment of facts not therein stated. *Steed v. State*, 143 Tex. 82, 183 S.W.2d 458, 460 (1944) (quoting 25 Tex.Jur. § 84 & (Supp.1939)); *see also Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985) (per curiam); *Taylor v. Hicks*, 691 S.W.2d 839, 840 (Tex.App.—Fort Worth 1985, no writ) (per curiam); *Roberts v. Brittain*, 659 S.W.2d 750, 751 (Tex.App.—Tyler 1983, no writ); *American Casualty & Life Ins. Co. v. Boyd*, 394 S.W.2d 685, 688 (Tex. Civ.App.—Tyler 1965, no writ) (concluding that an order unintelligible on its face is a nullity with no legal force and effect); *Hatton v. Burgess*, 167 S.W.2d 260, 262–63 (Tex. Civ.App.—Beaumont 1943, writ ref'd w.o.m.) (finding a judgment void for want of certainty).

The captionless sheet is labeled as an order, but it identifies no parties or docket numbers. The computer printout, which was not incorporated by reference into the captionless sheet and which listed over a dozen other cases, was not generated until several days after the trial court signed the captionless "order." It is impossible to discern from the face of the captionless sheet whose rights are affected by the attempted dismissal, and a ministerial officer could not have carried the "order" into execution without ascertaining additional facts. Consequently, we hold that the self-described "order" did not constitute a judgment and, accordingly, that Stewart's case was not dismissed.

For the reasons explained herein, we reverse the judgment of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.

---

**2.** USA Custom also filed a motion to vacate the judgment which was dismissed by the court of appeals for lack of jurisdiction and which is not before this court. In addition, the parties have informed this court that a direct challenge to the *nihil dicit* judgment in the form of a bill of review is pending. We express no opinion on the merits of that proceeding.