# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REHEARING

## NO. 03-09-00639-CV

**David Evan Schanzle, Appellant**

**v.**

**JPMC Specialty Mortgage LLC f/k/a WM Specialty Mortgage LLC by its servicer-in-fact
Chase Home Finance, LLC, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-07-002268, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment dated December 9, 2010, and issue the following in its place. Appellant David Evan Schanzle, appearing pro se, appeals the trial court's order granting summary judgment in favor of appellee JPMC Specialty Mortgage LLC ("JPMC") in a suit for judicial foreclosure and breach of contract based on Schanzle's default on a home equity loan. We affirm the judgment of the trial court.

## BACKGROUND

On August 21, 2003, Schanzle executed a home equity note and security instrument perfecting a lien on real property located in Travis County, Texas. The note required repayment of the original principal amount of $84,000, at an interest rate of 10.45%, to Ameriquest Mortgage

Company. Ameriquest assigned Schanzle's home equity loan to WM Specialty Mortgage LLC ("WM Specialty").

Schanzle made payments on the note until December 2006, when he failed to make the monthly payment due December 1. After sending Schanzle a notice of default and opportunity to cure in January 2007, WM Specialty accelerated the note on February 27, 2007, notifying Schanzle that the principal balance of the note was due and payable at that time. When Schanzle failed to pay the accelerated balance of $82,487.52, WM Specialty filed suit for judicial foreclosure and breach of contract.

Schanzle filed a pro se answer, asserting that WM Specialty's suit was barred by res judicata. Schanzle's claim of res judicata appears to have been premised on the fact that WM Specialty had previously filed an application for expedited foreclosure of the lien under Texas Rule of Civil Procedure 736. *See* Tex. R. Civ. P. 736 (providing procedure for filing application for expedited foreclosure of lien for home equity loan). The record for the expedited foreclosure proceeding, which was filed under cause number D-1-GN-07-000656 in Travis County District Court, is not properly before us in this appeal. It is undisputed, however, that WM Specialty's application for expedited foreclosure was denied.[1] Of significance to this appeal, Rule 736(9) states:

---

[1] Schanzle contends that WM Specialty's application for expedited foreclosure was denied because the loan violated the constitutionally imposed cap on fees for home equity loans. *See* Tex. Const. art. XVI, § 50(a)(6)(E) (fees other than interest for home equity loans may not exceed three percent of original principal amount). Because the proceeding before us in this appeal is a separate cause from the expedited foreclosure proceeding, we overrule Schanzle's motion to compel the production of records related to the expedited foreclosure proceeding.

> No order or determination of fact or law under Rule 736 shall be res judicata or constitute collateral estoppel or estoppel by judgment in any other proceeding or suit. . . . The denial of an application under these rules shall be without prejudice to the right of the applicant to re-file the application or seek other relief at law or in equity in any court of competent jurisdiction.

Tex. R. Civ. P. 736(9). WM Specialty's subsequent suit for judicial foreclosure, the proceeding giving rise to this appeal, was filed pursuant to Texas Rule of Civil Procedure 735. *See* Tex. R. Civ. P. 735 (stating that party seeking to foreclose lien created for home equity loan may file suit for judicial foreclosure).

In addition to his pro se answer, Schanzle filed counterclaims against WM Specialty for fraud and "predatory lending," alleging violations of the Texas Constitution and a number of federal statutes.

On February 16, 2009, WM Specialty, referring to itself as JPMC Specialty Mortgage LLC f/k/a WM Specialty Mortgage LLC, filed an amended petition, representing that "WM Specialty Mortgage LLC changed its name to JPMC Specialty Mortgage LLC," and that "JPMC Specialty Mortgage LLC is the legal owner and holder of the Home Equity Loan." Certification of the name change from the Delaware Secretary of State was attached to the amended petition. Also on February 16, JPMC filed a "motion to substitute nominal party," requesting to substitute Chase Home Finance, LLC as JPMC's mortgage servicing agent in place of AMC Mortgage Services, Inc. Schanzle subsequently filed written objections to the motion to substitute.

On March 12, 2009, JPMC filed a motion for summary judgment on its claims for breach of contract and judicial foreclosure, as well as Schanzle's counterclaims, and a hearing on the motion was set for April 28. On April 20, Schanzle moved to strike the affidavit of Lauren

3

Przybylek, Assistant Vice-President of JPMC, in support of JPMC's motion for summary judgment. In his motion to strike, Schanzle argued that Przybylek could not have personal knowledge of the circumstances surrounding his home equity loan because "her employer" had only recently "purchased the alleged debt at auction." The day before the hearing, Schanzle filed his response to JPMC's motion for summary judgment, which JPMC moved to strike as untimely. *See* Tex. R. Civ. P. 166a(c) (response to motion for summary judgment must be filed no later than seven days prior to hearing on motion).

After the hearing, the trial court issued orders granting JPMC's motion to substitute a nominal party, denying Schanzle's motion to strike the Przybylek affidavit, striking Schanzle's response to JPMC's motion for summary judgment as untimely, and granting summary judgment in favor of JPMC on all claims and counterclaims.[2] In granting summary judgment, the trial court awarded JPMC its requested relief of foreclosure and dismissed Schanzle's counterclaims with prejudice.

After the trial court's judgment was issued, Schanzle filed a request for findings of fact and conclusions of law and a motion for new trial. The trial court declined to issue findings of fact and conclusions of law, and the motion for new trial was overruled by operation of law. Schanzle then removed the suit to federal court. The federal court remanded the suit back to state court for lack of jurisdiction, and this appeal followed.

---

[2] The trial court also issued a letter summarizing its rulings and stating, "Even if the defendant's response to the motion for summary judgment . . . was not struck as untimely, the court would grant the plaintiff's motion for summary judgment as plaintiff is entitled to judgment as a matter of law."

## STANDARD OF REVIEW

Summary judgments are reviewed de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a motion for summary judgment, the movant must show that there is no issue of material fact and that it is entitled to judgment as a matter of law. *TX Far West, Ltd. v. Texas Invs. Mgmt., Inc.*, 127 S.W.3d 295, 301 (Tex. App.—Austin 2004, no pet.). Evidence favorable to the non-movant is taken as true and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.*

## DISCUSSION

Schanzle raises nine issues on appeal, arguing that (1) JPMC's motion for summary judgment was improperly supported by the unsigned and unverified affidavit of Przybylek, (2) summary judgment was improper because the loan violated the Texas Constitution and the Texas Debt Collection Practices Act, *see* Tex. Fin. Code Ann. §§ 392.001-.404 (West 2006), (3) a conflict of interest exists because the same attorney represented all assigns or successors to Ameriquest, (4) JPMC's motion for summary judgment was frivolous in light of the prior expedited foreclosure proceeding, (5) JPMC forfeited its right of foreclosure by failing to cure the constitutional violation, (6) the controversy was privately settled in Schanzle's favor once the time period for curing the constitutional violation had passed, (7) the creation of the security instrument "created a sham trust," (8) JPMC and its affiliated entities do not hold a debt collector's bond with the Texas Secretary of State, and (9) the trial court "abused its discretion and acted without Subject Matter Jurisdiction." We will address each of these arguments in turn.

5

First, Schanzle's contention that Przybylek's affidavit is unsigned and unverified is not supported by the record. Przybylek's signature and the notary's signature and seal are both visible on page two of the affidavit, which is contained in the supplemental clerk's record, along with JPMC's motion for summary judgment and the rest of its summary-judgment evidence. *See* Tex. Gov't Code Ann. § 312.011(1) (West 2005) (defining "affidavit" as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office"). Because Przybylek's affidavit is properly signed and verified, we overrule this issue.

In his second issue on appeal, Schanzle argues that summary judgment was improper because the home equity loan violated the Texas Constitution and the Texas Debt Collection Practices Act ("TDCPA"). *See* Tex. Const. art. XVI, § 50(a)(6)(E) (governing home equity loans); Tex. Fin. Code Ann. §§ 392.001-.404. Schanzle's argument regarding violations of the TDCPA is limited to the statement that JPMC failed "to verify and validate the debt as is required by the [TDCPA]." No citations to the record or legal authorities are provided in support of Schanzle's TDCPA claim.[3] Our review of the TDCPA sheds no light on the potential basis for Schanzle's complaint. As a result, Schanzle's TDCPA claim is waived for inadequate briefing. *See* Tex. R. App. P. 38.1(i) (appellant's brief must contain clear argument, with appropriate citations to authorities and record); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978)

---

[3] While Schanzle does include a citation to *Carrington v. Ameriquest Mortgage Co.*, 49 S.W.3d 342 (Tex. 2001), this case supports the proposition that a lender may cure a violation of the constitutional cap on fees for home equity loans by refunding the overcharge within a reasonable time. *See id.* at 347. The TDCPA is not addressed in *Carrington*.

("Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel."). Schanzle's allegation regarding the TDCPA is also waived because it was not properly presented to the trial court as a counterclaim or a ground for denying summary judgment, instead appearing for the first time in Schanzle's post-judgment request for findings of fact and conclusions of law. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *Carrizales v. Texas Dep't of Protective & Regulatory Servs.*, 5 S.W.3d 922, 925 (Tex. App.—Austin 1999, pet. denied) (stating that claims not properly raised in trial court are waived on appeal).

In making his constitutional argument, Schanzle contends that summary judgment was improper because the loan violated the constitutionally mandated three-percent cap on fees other than interest for home equity loans. *See* Tex. Const. art. XVI, § 50(a)(6)(E).[4] A four-year statute of limitations has been applied to violations of the constitutional requirements for home equity loans, calculated from the date of closing on the loan. *See Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 840 (Tex. App.—Dallas 2008, no pet.) ("[W]e conclude the legal injury occurred when Countrywide made a loan to the Riveras in excess of the amount allowed by law. . . . Thus, the Riveras' cause of action for Countrywide's violation of [section 50(a)(6)(B) of home equity

---

[4] We note that this argument was not properly raised in a timely response to JPMC's motion for summary judgment, as the trial court struck Schanzle's response as untimely. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). Schanzle does not argue on appeal that the trial court erred in striking his response to JPMC's motion for summary judgment. We will, however, address Schanzle's constitutional argument in the interest of justice.

provisions of constitution] accrued September 28, 2001, the date of closing of the Riveras' home equity loan."); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 2008) (four-year statute of limitations applies to actions for which limitations period has not otherwise been created by statute).  The home equity loan at issue in this case closed on August 21, 2003.  Schanzle's counterclaim alleging violations of section 50(a)(6)(E) of the home equity provisions of the constitution was not filed until October 10, 2007.  As a result, Schanzle's counterclaim is barred by the four-year statute of limitations.[5]  Schanzle's second issue on appeal is overruled.

In his third issue, Schanzle contends that a conflict of interest exists because JPMC's counsel represents "all four assigns and/or successors to Ameriquest."  This complaint is waived for inadequate briefing, as Schanzle presents no argument, legal authorities, or citations to the record. *See* Tex. R. App. P. 38.1(i).  We note also that there is no evidence that the interests of WM Specialty, JPMC, or any of the mortgage servicers involved in this case were ever sufficiently adverse to create a conflict of interest.  *See* Tex. Disciplinary R. Prof'l Conduct 1.06(b), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A.  The record contains an assignment of the note and transfer of the security interest from Ameriquest to WM Specialty, as well as documents from the Delaware Secretary of State certifying WM Specialty's name change to JPMC.  There is no indication that any entity other than JPMC was the proper holder of the note at the time summary judgment was granted.  We overrule this issue on appeal.

---

[5] For counterclaims arising out of the same transaction or occurrence upon which an action is based, the applicable limitations period is extended for 30 days after the date the party's answer is due. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.069 (West 2008).  Schanzle cannot avail himself of this exception to the limitations period because his answer was due August 13, 2007, and his counterclaims were not filed until October 10, 2007, more than 30 days later.  *See id.*

In his fourth issue, Schanzle argues that JPMC filed a frivolous motion for summary judgment, presented "fake evidence," and made "a frivolous non-applicable argument that some statute of limitation applies." This argument is unsupported by legal authority or citations to the record, and has therefore been waived by inadequate briefing. *See* Tex. R. App. P. 38.1(i). Furthermore, while Schanzle states that JPMC's motion for summary judgment was frivolous because "the ultimate material fact" had been "found in Schanzle's favor in a previous proceeding," Texas Rule of Civil Procedure 736 provides that the denial of an application for expedited foreclosure is not res judicata and does not "constitute collateral estoppel or estoppel by judgment in any other proceeding or suit." Tex. R. Civ. P. 736(9). The rule goes on to state that denial of such an application "shall be without prejudice to the right of the applicant to . . . seek other relief at law or in equity in any court of competent jurisdiction." *Id.* Thus, by the plain language of Rule 736, JPMC was entitled to file a suit for judicial foreclosure after its application for expedited foreclosure was denied, and any rulings made in the expedited foreclosure proceeding had no res judicata or collateral estoppel effect. *See id.* We overrule this issue on appeal.

Schanzle's fifth and sixth issues are related to his argument that the home equity loan was void due to a violation of the Texas Constitution. *See* Tex. Const. art. XVI, § 50(a)(6)(E). Specifically, Schanzle asserts in his fifth issue that the lien was rendered invalid when JPMC failed to cure its constitutional violation by refunding any charges in excess of the three-percent cap on fees. *See id.* § 50(a)(6)(Q)(x)(a) (lender who charges fees in excess of constitutional cap may cure violation and validate lien by refunding overcharge not later than 60th day after being notified of violation). Schanzle argues in his sixth issue that at the completion of the 60-day period to cure, the

9

matter was settled in his favor and he was entitled to damages for breach of contract. *See id.* We have already determined that Schanzle's counterclaim for violation of the constitutional cap on fees is barred by the statute of limitations. *See Rivera*, 262 S.W.3d at 840. As a result, we overrule Schanzle's fifth and sixth issues on appeal.

In a seventh issue on appeal, Schanzle asserts that the creation of the security interest "created a sham trust." This argument, which is presented without legal authority, citations to the record, or any additional explanation, is waived for inadequate briefing. *See* Tex. R. App. P. 38.1(i).

Schanzle argues, in his eighth issue on appeal, that "[n]one of the corporations involved in the myriad of plaintiff corporations hold a debt collector's bond with the Secretary of State." Presumably, this argument refers to the bond requirement in section 392.101 of the finance code. *See* Tex. Fin. Code Ann. § 392.101. Section 392.101 provides that a "third-party debt collector or credit bureau may not engage in debt collection unless the third-party debt collector or credit bureau has obtained a surety bond," a copy of which "must be filed with the secretary of state." *Id.* For purposes of the bond requirement, a foreclosure lawsuit in which no deficiency judgment was sought against the homeowner does not constitute debt collection. *See* Tex. Fin. Code Ann. § 392.001(7) (West 2006) (adopting definition of debt collector found in Federal Debt Collection Practices Act); *Crawford v. Countrywide Home Loans, Inc.*, No. 3:09CV247-PPS-CAN, 2010 U.S. Dist. 84995, at *22 (N.D. Ind., Aug. 16, 2010) ("[A] foreclosure lawsuit undertaken only in an effort to enforce a security interest, and not to obtain a deficiency judgment against the borrowers, does not constitute debt collection within the meaning of the [Federal Debt Collection

Practices] Act."). The record reflects that no deficiency judgment was sought against Schanzle. We overrule this issue.

In his ninth issue, Schanzle contends that the trial court abused its discretion and acted without subject-matter jurisdiction. Schanzle does not provide further argument or explanation in support of this issue. We will, however, construe his briefing liberally and address this issue by resolving the remaining complaints appearing in Schanzle's brief that cannot be categorized under one of the other eight issues on appeal. Specifically, these complaints are that the trial court erred in (1) granting summary judgment without establishing a "Sum Certain of the alleged debt," (2) failing to provide 21 days' notice before the summary-judgment hearing, (3) failing to issue findings of fact and conclusions of law at Schanzle's request, and (4) failing to rule on his objections to JPMC's motion to substitute a nominal party.

Schanzle's argument regarding the lack of a "sum certain" appears to be based on the fact that JPMC's amended petition states, "After allowing all just and lawful payments, offsets, and credits against the Note, the principal balance owing on the Note as of May 18, 2007, was $82,487.52," while its motion for summary judgment states, "After allowing all just and lawful payments, offsets, and credits against the Note, the balance owing on the Note as of December 31, 2008, was $37,087.95." The reason for this significant reduction in the principal balance after Schanzle's default is not clear from the record. In any event, the trial court was not obligated to include the principal balance in its order granting summary judgment. As a general rule, a final judgment "must be sufficiently definite and certain to define and protect the rights of all litigants, or it should provide a definite means of ascertaining such rights, to the end that ministerial officers

11

can carry the judgment into execution without ascertainment of facts not therein stated." *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994). The trial court's order in this case expressly awards judgment in favor of JPMC for foreclosure of the real property in question, and provides a legal description of the property. Under the circumstances, the language of the order is sufficiently definite and certain to constitute a valid final judgment. *See id.* The judgment is also properly limited to the relief requested in JPMC's motion for summary judgment, as the motion specifically states, "JPMC Specialty seeks to satisfy the judgment solely from the foreclosure proceeds and seeks no deficiency against [Schanzle]." Given the requested relief, the trial court did not err in failing to identify the note's principal balance in the order granting summary judgment.[6]

Schanzle's argument regarding notice of the motion for summary judgment is not supported by the record. JPMC's motion for summary judgment includes a certificate of service indicating that Schanzle was served on March 12, 2009. The notice of hearing, which contains a certificate of service dated March 24, 2009, indicates that the hearing on JPMC's motion for summary judgment was set for April 28, 2009. *See* Tex. R. Civ. P. 166a(c) (motion must be filed and served at least 21 days before hearing). Based on this record, we conclude that Schanzle had adequate notice of both the motion and the hearing date.

---

[6] It is also unclear how Schanzle might have been prejudiced by this reduction in the note's principal balance. JPMC's motion for summary judgment and supporting affidavit represent a judicial admission that the principal balance was $37,087.95 as of December 31, 2008. *See Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983) (holding that assertions of fact in party's live pleadings are regarded as formal judicial admissions).

With respect to Schanzle's argument that the trial court erred in failing to issue findings of fact and conclusions of law, the supreme court has held that findings of fact and conclusions of law are improper in a summary-judgment proceeding. *See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441-42 (Tex. 1997). Accordingly, the trial court did not err in declining to issue findings of fact and conclusions of law in response to Schanzle's request.

As for Schanzle's objections to JPMC's motion to substitute, the trial court signed an order granting JPMC's motion on May 4, 2009. The record contains a letter from the trial court, also dated May 4, 2009, which states, "Plaintiff's Traditional Motion for Final Summary Judgment and Plaintiff's Motion to Substitute Nominal Party came on for hearing on April 28, 2009. Having considered the motions, *responses*, summary judgment evidence and arguments of counsel, the court grants both of the motions." (Emphasis added.) This letter clarifies that the trial court considered Schanzle's response before granting JPMC's motion. Thus, in granting JPMC's motion, the trial court impliedly overruled Schanzle's objections.

While Schanzle does not specify the basis for his contention that the trial court lacked subject-matter jurisdiction, we note that this is a suit for judicial foreclosure on property located in Travis County. District courts have jurisdiction over suits to determine title to real property. *See* Tex. Const. art. V, § 8 (jurisdiction of district courts); *Chambers v. Pruitt*, 241 S.W.3d 679, 684 (Tex. App.—Dallas 2007, no pet.) ("District courts generally have exclusive jurisdiction to determine title to real property."); *see also* Tex. Gov't Code Ann. § 26.043 (West 2004).

Because Schanzle has failed to identify any manner in which the trial court abused its discretion or lacked subject-matter jurisdiction, his ninth issue on appeal is overruled.

13

Having overruled all of Schanzle's issues on appeal, we affirm the order granting summary judgment in favor of JPMC. To the extent Schanzle intended to raise any additional arguments beyond those addressed herein, those arguments are waived for inadequate briefing. *See* Tex. R. App. P. 38.1(i).

## CONCLUSION

We affirm the trial court's order granting summary judgment.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed on Rehearing

Filed: March 11, 2011