TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





ON REHEARING








NO. 03-09-00639-CV






David Evan Schanzle, Appellant


v.


JPMC Specialty Mortgage LLC f/k/a WM Specialty Mortgage LLC by its servicer-in-fact
Chase Home Finance, LLC, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT

NO. D-1-GN-07-002268, HONORABLE RHONDA HURLEY, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 We withdraw our opinion and judgment dated December 9, 2010, and issue the
following in its place. Appellant David Evan Schanzle, appearing pro se, appeals the trial court's
order granting summary judgment in favor of appellee JPMC Specialty Mortgage LLC ("JPMC")
in a suit for judicial foreclosure and breach of contract based on Schanzle's default on a home equity
loan. We affirm the judgment of the trial court.


BACKGROUND

 On August 21, 2003, Schanzle executed a home equity note and security instrument
perfecting a lien on real property located in Travis County, Texas. The note required repayment of
the original principal amount of $84,000, at an interest rate of 10.45%, to Ameriquest Mortgage
Company. Ameriquest assigned Schanzle's home equity loan to WM Specialty Mortgage LLC
("WM Specialty"). 

 Schanzle made payments on the note until December 2006, when he failed to make
the monthly payment due December 1. After sending Schanzle a notice of default and opportunity
to cure in January 2007, WM Specialty accelerated the note on February 27, 2007, notifying
Schanzle that the principal balance of the note was due and payable at that time. When Schanzle
failed to pay the accelerated balance of $82,487.52, WM Specialty filed suit for judicial foreclosure
and breach of contract.

 Schanzle filed a pro se answer, asserting that WM Specialty's suit was barred by res
judicata. Schanzle's claim of res judicata appears to have been premised on the fact that WM
Specialty had previously filed an application for expedited foreclosure of the lien under Texas Rule
of Civil Procedure 736. See Tex. R. Civ. P. 736 (providing procedure for filing application for
expedited foreclosure of lien for home equity loan). The record for the expedited foreclosure
proceeding, which was filed under cause number D-1-GN-07-000656 in Travis County District
Court, is not properly before us in this appeal. It is undisputed, however, that WM Specialty's
application for expedited foreclosure was denied. (1) Of significance to this appeal, Rule 736(9) states:

 

No order or determination of fact or law under Rule 736 shall be res judicata or
constitute collateral estoppel or estoppel by judgment in any other proceeding or suit.
. . . The denial of an application under these rules shall be without prejudice to the
right of the applicant to re-file the application or seek other relief at law or in equity
in any court of competent jurisdiction.


Tex. R. Civ. P. 736(9). WM Specialty's subsequent suit for judicial foreclosure, the proceeding
giving rise to this appeal, was filed pursuant to Texas Rule of Civil Procedure 735. See Tex. R. Civ.
P. 735 (stating that party seeking to foreclose lien created for home equity loan may file suit for
judicial foreclosure). 

 In addition to his pro se answer, Schanzle filed counterclaims against WM Specialty
for fraud and "predatory lending," alleging violations of the Texas Constitution and a number of
federal statutes.

 On February 16, 2009, WM Specialty, referring to itself as JPMC Specialty Mortgage
LLC f/k/a WM Specialty Mortgage LLC, filed an amended petition, representing that "WM Specialty
Mortgage LLC changed its name to JPMC Specialty Mortgage LLC," and that "JPMC Specialty
Mortgage LLC is the legal owner and holder of the Home Equity Loan." Certification of the name
change from the Delaware Secretary of State was attached to the amended petition. Also on
February 16, JPMC filed a "motion to substitute nominal party," requesting to substitute Chase
Home Finance, LLC as JPMC's mortgage servicing agent in place of AMC Mortgage Services, Inc. 
Schanzle subsequently filed written objections to the motion to substitute. 

 On March 12, 2009, JPMC filed a motion for summary judgment on its claims for
breach of contract and judicial foreclosure, as well as Schanzle's counterclaims, and a hearing on
the motion was set for April 28. On April 20, Schanzle moved to strike the affidavit of Lauren
Przybylek, Assistant Vice-President of JPMC, in support of JPMC's motion for summary judgment. 
In his motion to strike, Schanzle argued that Przybylek could not have personal knowledge of the
circumstances surrounding his home equity loan because "her employer" had only recently
"purchased the alleged debt at auction." The day before the hearing, Schanzle filed his response to
JPMC's motion for summary judgment, which JPMC moved to strike as untimely. See Tex. R. Civ.
P. 166a(c) (response to motion for summary judgment must be filed no later than seven days prior
to hearing on motion). 

 After the hearing, the trial court issued orders granting JPMC's motion to substitute
a nominal party, denying Schanzle's motion to strike the Przybylek affidavit, striking Schanzle's
response to JPMC's motion for summary judgment as untimely, and granting summary judgment
in favor of JPMC on all claims and counterclaims. (2) In granting summary judgment, the trial court
awarded JPMC its requested relief of foreclosure and dismissed Schanzle's counterclaims with
prejudice.

 After the trial court's judgment was issued, Schanzle filed a request for findings of
fact and conclusions of law and a motion for new trial. The trial court declined to issue findings of
fact and conclusions of law, and the motion for new trial was overruled by operation of law. 
Schanzle then removed the suit to federal court. The federal court remanded the suit back to state
court for lack of jurisdiction, and this appeal followed.

STANDARD OF REVIEW


 Summary judgments are reviewed de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). To prevail on a motion for summary judgment, the movant must
show that there is no issue of material fact and that it is entitled to judgment as a matter of law. TX
Far West, Ltd. v. Texas Invs. Mgmt., Inc., 127 S.W.3d 295, 301 (Tex. App.--Austin 2004, no pet.). 
Evidence favorable to the non-movant is taken as true and every reasonable inference must be
indulged in favor of the non-movant and any doubts resolved in its favor. Id.


DISCUSSION

 Schanzle raises nine issues on appeal, arguing that (1) JPMC's motion for summary
judgment was improperly supported by the unsigned and unverified affidavit of Przybylek,
(2) summary judgment was improper because the loan violated the Texas Constitution and the Texas
Debt Collection Practices Act, see Tex. Fin. Code Ann. §§ 392.001-.404 (West 2006), (3) a conflict
of interest exists because the same attorney represented all assigns or successors to Ameriquest,
(4) JPMC's motion for summary judgment was frivolous in light of the prior expedited foreclosure
proceeding, (5) JPMC forfeited its right of foreclosure by failing to cure the constitutional violation,
(6) the controversy was privately settled in Schanzle's favor once the time period for curing the
constitutional violation had passed, (7) the creation of the security instrument "created a sham trust,"
(8) JPMC and its affiliated entities do not hold a debt collector's bond with the Texas Secretary of
State, and (9) the trial court "abused its discretion and acted without Subject Matter Jurisdiction." 
We will address each of these arguments in turn.

 First, Schanzle's contention that Przybylek's affidavit is unsigned and unverified is
not supported by the record. Przybylek's signature and the notary's signature and seal are both
visible on page two of the affidavit, which is contained in the supplemental clerk's record, along
with JPMC's motion for summary judgment and the rest of its summary-judgment evidence. See
Tex. Gov't Code Ann. § 312.011(1) (West 2005) (defining "affidavit" as "a statement in writing of
a fact or facts signed by the party making it, sworn to before an officer authorized to administer
oaths, and officially certified to by the officer under his seal of office"). Because Przybylek's
affidavit is properly signed and verified, we overrule this issue.

 In his second issue on appeal, Schanzle argues that summary judgment was improper
because the home equity loan violated the Texas Constitution and the Texas Debt Collection
Practices Act ("TDCPA"). See Tex. Const. art. XVI, § 50(a)(6)(E) (governing home equity loans);
Tex. Fin. Code Ann. §§ 392.001-.404. Schanzle's argument regarding violations of the TDCPA is
limited to the statement that JPMC failed "to verify and validate the debt as is required by the
[TDCPA]." No citations to the record or legal authorities are provided in support of Schanzle's
TDCPA claim. (3) Our review of the TDCPA sheds no light on the potential basis for Schanzle's
complaint. As a result, Schanzle's TDCPA claim is waived for inadequate briefing. See Tex. R.
App. P. 38.1(i) (appellant's brief must contain clear argument, with appropriate citations to
authorities and record); see also Mansfield State Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978)
("Litigants who represent themselves must comply with the applicable procedural rules, or else they
would be given an unfair advantage over litigants represented by counsel."). Schanzle's allegation
regarding the TDCPA is also waived because it was not properly presented to the trial court as a
counterclaim or a ground for denying summary judgment, instead appearing for the first time in
Schanzle's post-judgment request for findings of fact and conclusions of law. See Tex. R. Civ. P.
166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other
response shall not be considered on appeal as grounds for reversal."); Carrizales v. Texas Dep't of
Protective & Regulatory Servs., 5 S.W.3d 922, 925 (Tex. App.--Austin 1999, pet. denied) (stating
that claims not properly raised in trial court are waived on appeal). 

 In making his constitutional argument, Schanzle contends that summary judgment
was improper because the loan violated the constitutionally mandated three-percent cap on fees other
than interest for home equity loans. See Tex. Const. art. XVI, § 50(a)(6)(E). (4) A four-year statute
of limitations has been applied to violations of the constitutional requirements for home equity loans,
calculated from the date of closing on the loan. See Rivera v. Countrywide Home Loans, Inc.,
262 S.W.3d 834, 840 (Tex. App.--Dallas 2008, no pet.) ("[W]e conclude the legal injury occurred
when Countrywide made a loan to the Riveras in excess of the amount allowed by law. . . . Thus, the
Riveras' cause of action for Countrywide's violation of [section 50(a)(6)(B) of home equity
provisions of constitution] accrued September 28, 2001, the date of closing of the Riveras' home
equity loan."); see also Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 2008) (four-year statute
of limitations applies to actions for which limitations period has not otherwise been created by
statute). The home equity loan at issue in this case closed on August 21, 2003. Schanzle's
counterclaim alleging violations of section 50(a)(6)(E) of the home equity provisions of the
constitution was not filed until October 10, 2007. As a result, Schanzle's counterclaim is barred by
the four-year statute of limitations. (5) Schanzle's second issue on appeal is overruled.

 In his third issue, Schanzle contends that a conflict of interest exists because JPMC's
counsel represents "all four assigns and/or successors to Ameriquest." This complaint is waived for
inadequate briefing, as Schanzle presents no argument, legal authorities, or citations to the record. 
See Tex. R. App. P. 38.1(i). We note also that there is no evidence that the interests of WM
Specialty, JPMC, or any of the mortgage servicers involved in this case were ever sufficiently
adverse to create a conflict of interest. See Tex. Disciplinary R. Prof'l Conduct 1.06(b), reprinted
in Tex. Gov't Code Ann., tit. 2, subtit. G app. A. The record contains an assignment of the note and
transfer of the security interest from Ameriquest to WM Specialty, as well as documents from the
Delaware Secretary of State certifying WM Specialty's name change to JPMC. There is no
indication that any entity other than JPMC was the proper holder of the note at the time summary
judgment was granted. We overrule this issue on appeal.

 In his fourth issue, Schanzle argues that JPMC filed a frivolous motion for summary
judgment, presented "fake evidence," and made "a frivolous non-applicable argument that some
statute of limitation applies." This argument is unsupported by legal authority or citations to the
record, and has therefore been waived by inadequate briefing. See Tex. R. App. P. 38.1(i). 
Furthermore, while Schanzle states that JPMC's motion for summary judgment was frivolous
because "the ultimate material fact" had been "found in Schanzle's favor in a previous proceeding,"
Texas Rule of Civil Procedure 736 provides that the denial of an application for expedited
foreclosure is not res judicata and does not "constitute collateral estoppel or estoppel by judgment
in any other proceeding or suit." Tex. R. Civ. P. 736(9). The rule goes on to state that denial of such
an application "shall be without prejudice to the right of the applicant to . . . seek other relief at law
or in equity in any court of competent jurisdiction." Id. Thus, by the plain language of Rule 736,
JPMC was entitled to file a suit for judicial foreclosure after its application for expedited foreclosure
was denied, and any rulings made in the expedited foreclosure proceeding had no res judicata or
collateral estoppel effect. See id. We overrule this issue on appeal.

 Schanzle's fifth and sixth issues are related to his argument that the home equity loan
was void due to a violation of the Texas Constitution. See Tex. Const. art. XVI, § 50(a)(6)(E). 
Specifically, Schanzle asserts in his fifth issue that the lien was rendered invalid when JPMC failed
to cure its constitutional violation by refunding any charges in excess of the three-percent cap on
fees. See id. § 50(a)(6)(Q)(x)(a) (lender who charges fees in excess of constitutional cap may cure
violation and validate lien by refunding overcharge not later than 60th day after being notified of
violation). Schanzle argues in his sixth issue that at the completion of the 60-day period to cure, the
matter was settled in his favor and he was entitled to damages for breach of contract. See id. We
have already determined that Schanzle's counterclaim for violation of the constitutional cap on fees
is barred by the statute of limitations. See Rivera, 262 S.W.3d at 840. As a result, we overrule
Schanzle's fifth and sixth issues on appeal.

 In a seventh issue on appeal, Schanzle asserts that the creation of the security interest
"created a sham trust." This argument, which is presented without legal authority, citations to the
record, or any additional explanation, is waived for inadequate briefing. See Tex. R. App. P. 38.1(i). 

 Schanzle argues, in his eighth issue on appeal, that "[n]one of the corporations
involved in the myriad of plaintiff corporations hold a debt collector's bond with the Secretary of
State." Presumably, this argument refers to the bond requirement in section 392.101 of the finance
code. See Tex. Fin. Code Ann. § 392.101. Section 392.101 provides that a "third-party debt
collector or credit bureau may not engage in debt collection unless the third-party debt collector or
credit bureau has obtained a surety bond," a copy of which "must be filed with the secretary of state." 
Id. For purposes of the bond requirement, a foreclosure lawsuit in which no deficiency judgment
was sought against the homeowner does not constitute debt collection. See Tex. Fin. Code
Ann. § 392.001(7) (West 2006) (adopting definition of debt collector found in Federal Debt
Collection Practices Act); Crawford v. Countrywide Home Loans, Inc., No. 3:09CV247-PPS-CAN,
2010 U.S. Dist. 84995, at *22 (N.D. Ind., Aug. 16, 2010) ("[A] foreclosure lawsuit undertaken only
in an effort to enforce a security interest, and not to obtain a deficiency judgment against the
borrowers, does not constitute debt collection within the meaning of the [Federal Debt Collection
Practices] Act."). The record reflects that no deficiency judgment was sought against Schanzle. We
overrule this issue.

 In his ninth issue, Schanzle contends that the trial court abused its discretion and
acted without subject-matter jurisdiction. Schanzle does not provide further argument or explanation
in support of this issue. We will, however, construe his briefing liberally and address this issue by
resolving the remaining complaints appearing in Schanzle's brief that cannot be categorized under
one of the other eight issues on appeal. Specifically, these complaints are that the trial court erred
in (1) granting summary judgment without establishing a "Sum Certain of the alleged debt,"
(2) failing to provide 21 days' notice before the summary-judgment hearing, (3) failing to issue
findings of fact and conclusions of law at Schanzle's request, and (4) failing to rule on his objections
to JPMC's motion to substitute a nominal party.

 Schanzle's argument regarding the lack of a "sum certain" appears to be based on the
fact that JPMC's amended petition states, "After allowing all just and lawful payments, offsets, and
credits against the Note, the principal balance owing on the Note as of May 18, 2007, was
$82,487.52," while its motion for summary judgment states, "After allowing all just and lawful
payments, offsets, and credits against the Note, the balance owing on the Note as of December 31,
2008, was $37,087.95." The reason for this significant reduction in the principal balance after
Schanzle's default is not clear from the record. In any event, the trial court was not obligated to
include the principal balance in its order granting summary judgment. As a general rule, a final
judgment "must be sufficiently definite and certain to define and protect the rights of all litigants,
or it should provide a definite means of ascertaining such rights, to the end that ministerial officers
can carry the judgment into execution without ascertainment of facts not therein stated." Stewart
v. USA Custom Paint & Body Shop, Inc., 870 S.W.2d 18, 20 (Tex. 1994). The trial court's order in
this case expressly awards judgment in favor of JPMC for foreclosure of the real property in
question, and provides a legal description of the property. Under the circumstances, the language
of the order is sufficiently definite and certain to constitute a valid final judgment. See id. The
judgment is also properly limited to the relief requested in JPMC's motion for summary judgment,
as the motion specifically states, "JPMC Specialty seeks to satisfy the judgment solely from the
foreclosure proceeds and seeks no deficiency against [Schanzle]." Given the requested relief, the
trial court did not err in failing to identify the note's principal balance in the order granting
summary judgment. (6)

 Schanzle's argument regarding notice of the motion for summary judgment is not
supported by the record. JPMC's motion for summary judgment includes a certificate of service
indicating that Schanzle was served on March 12, 2009. The notice of hearing, which contains a
certificate of service dated March 24, 2009, indicates that the hearing on JPMC's motion for
summary judgment was set for April 28, 2009. See Tex. R. Civ. P. 166a(c) (motion must be filed
and served at least 21 days before hearing). Based on this record, we conclude that Schanzle had
adequate notice of both the motion and the hearing date. 

 With respect to Schanzle's argument that the trial court erred in failing to issue
findings of fact and conclusions of law, the supreme court has held that findings of fact and
conclusions of law are improper in a summary-judgment proceeding. See IKB Indus. (Nigeria) Ltd.
v. Pro-Line Corp., 938 S.W.2d 440, 441-42 (Tex. 1997). Accordingly, the trial court did not err in
declining to issue findings of fact and conclusions of law in response to Schanzle's request.

 As for Schanzle's objections to JPMC's motion to substitute, the trial court signed
an order granting JPMC's motion on May 4, 2009. The record contains a letter from the trial court,
also dated May 4, 2009, which states, "Plaintiff's Traditional Motion for Final Summary Judgment
and Plaintiff's Motion to Substitute Nominal Party came on for hearing on April 28, 2009. Having
considered the motions, responses, summary judgment evidence and arguments of counsel, the court
grants both of the motions." (Emphasis added.) This letter clarifies that the trial court considered
Schanzle's response before granting JPMC's motion. Thus, in granting JPMC's motion, the trial
court impliedly overruled Schanzle's objections.

 While Schanzle does not specify the basis for his contention that the trial court lacked
subject-matter jurisdiction, we note that this is a suit for judicial foreclosure on property located in
Travis County. District courts have jurisdiction over suits to determine title to real property. See
Tex. Const. art. V, § 8 (jurisdiction of district courts); Chambers v. Pruitt, 241 S.W.3d 679, 684
(Tex. App.--Dallas 2007, no pet.) ("District courts generally have exclusive jurisdiction to
determine title to real property."); see also Tex. Gov't Code Ann. § 26.043 (West 2004). 

 Because Schanzle has failed to identify any manner in which the trial court abused
its discretion or lacked subject-matter jurisdiction, his ninth issue on appeal is overruled. 

 Having overruled all of Schanzle's issues on appeal, we affirm the order granting
summary judgment in favor of JPMC. To the extent Schanzle intended to raise any additional
arguments beyond those addressed herein, those arguments are waived for inadequate briefing. See
Tex. R. App. P. 38.1(i).


CONCLUSION

 We affirm the trial court's order granting summary judgment.


__________________________________________ Diane M. Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed on Rehearing

Filed: March 11, 2011

1. Schanzle contends that WM Specialty's application for expedited foreclosure was denied
because the loan violated the constitutionally imposed cap on fees for home equity loans. See Tex.
Const. art. XVI, § 50(a)(6)(E) (fees other than interest for home equity loans may not exceed three
percent of original principal amount). Because the proceeding before us in this appeal is a separate
cause from the expedited foreclosure proceeding, we overrule Schanzle's motion to compel the
production of records related to the expedited foreclosure proceeding.
2. The trial court also issued a letter summarizing its rulings and stating, "Even if the
defendant's response to the motion for summary judgment . . . was not struck as untimely, the court
would grant the plaintiff's motion for summary judgment as plaintiff is entitled to judgment as a
matter of law."
3. While Schanzle does include a citation to Carrington v. Ameriquest Mortgage Co.,
49 S.W.3d 342 (Tex. 2001), this case supports the proposition that a lender may cure a violation of
the constitutional cap on fees for home equity loans by refunding the overcharge within a reasonable
time. See id. at 347. The TDCPA is not addressed in Carrington.
4. We note that this argument was not properly raised in a timely response to JPMC's motion
for summary judgment, as the trial court struck Schanzle's response as untimely. See Tex. R. Civ.
P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other
response shall not be considered on appeal as grounds for reversal."). Schanzle does not argue on
appeal that the trial court erred in striking his response to JPMC's motion for summary judgment. 
We will, however, address Schanzle's constitutional argument in the interest of justice.
5. For counterclaims arising out of the same transaction or occurrence upon which an action
is based, the applicable limitations period is extended for 30 days after the date the party's answer
is due. See Tex. Civ. Prac. & Rem. Code Ann. § 16.069 (West 2008). Schanzle cannot avail himself
of this exception to the limitations period because his answer was due August 13, 2007, and his
counterclaims were not filed until October 10, 2007, more than 30 days later. See id.
6. It is also unclear how Schanzle might have been prejudiced by this reduction in the note's
principal balance. JPMC's motion for summary judgment and supporting affidavit represent a
judicial admission that the principal balance was $37,087.95 as of December 31, 2008. See Houston
First Am. Sav. v. Musick, 650 S.W.2d 764, 767 (Tex. 1983) (holding that assertions of fact in party's
live pleadings are regarded as formal judicial admissions).