**Opinion issued December 28, 2023**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-22-00432-CV

———————————

**AVA SMITH AND LARRY SMITH, Appellants**

**V.**

**THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR REGISTERED HOLDERS OF CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2004-5, Appellee**

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-15536**

---

### MEMORANDUM OPINION

Ava and Larry Smith appeal the trial court's final judgment enforcing a lien encumbering their property. The Smiths contend that the trial court's judgment is vague and not supported by the evidence. We affirm because the trial court's

judgment is sufficiently definite and the Smiths have not provided a record showing the trial court erred.

## Background

The Smiths are husband and wife. Mr. Smith purchased the property at issue in 1995.[1] To finance the purchase of the property, Mr. Smith signed a promissory note for $42,750 with Inland Mortgage Corporation that was secured by a deed of trust.[2] In 2019, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for Registered Holders of CWABS, Inc. Asset-backed Certificates, Series 2004-5, sued the Smiths. BONYM alleged that Mr. Smith signed a power of attorney allowing Mrs. Smith to borrow $74,000 in 2004 from Full Spectrum Lending, Inc.[3] BONYM further alleged that the 1995 loan was paid off using the 2004 loan, and that BONYM owns the unpaid 2004 loan. BONYM sought a declaratory judgment stating that the 2004 loan is valid, it encumbers the property, and that the Smiths are bound by it.

The Smiths denied the allegations and the parties filed cross-motions for summary judgment, which were denied. After a bench trial, the trial court issued a

---

[1] The property is listed as 10844 Braeburn Bend, Houston, Texas 77031.

[2] It is recorded as Document Number R660934 in the property records of Harris County, Texas.

[3] It is recorded as Document Number X552967 in the property records of Harris County, Texas.

judgment in BONYM's favor, finding that it has an "equitable first lien on the Property in the amount of $116,809.82, as of April 18, 2022, plus the maximum allowable pre-judgment interest, said total being comprised of liens and ad valorem taxes paid on the Property since 2004 plus accruing 5% statutory simple interest from the date of payment" and that the Smiths are liable for that amount.

The Smiths requested findings of facts and conclusions of law, which the trial court denied. They later moved for a judgment nunc pro tunc, seeking clarification of the judgment.[4]

**Vagueness**

The Smiths contend that the trial court's judgment is "vague, ambiguous, duplicitous, redundant, and incorrect."

## A. Analysis

"A judgment must be sufficiently definite and certain to define and protect the rights of all litigants, or it should provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment into execution without ascertainment of facts not therein stated." *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994). A judgment is definite when it neither

---

[4]     While both parties agree that the trial court denied the motion, the record does not include an order from the trial court. Because the Smiths do not appeal any denial, we need not address this further. *See* TEX. R. APP. P. 47.1.

conditions nor clouds with uncertainty the rights and obligations it establishes. *See Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985).

The Smiths complain that they proposed two alternative damage amounts to the trial court but that the trial court's judgment contained "numbers that made the judgment seem like a calculus exam." On its face, the judgment identifies BONYM as the prevailing party and describes the amount of the equitable lien as "$116,809.82, as of April 18, 2022," and that the total is comprised of "liens and ad valorem taxes paid on the Property since 2004 plus accruing 5% statutory simple interest from the date of payment as detailed below." *See Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404–05 (Tex. 1971) ("The same rules of interpretation apply in construing the meaning of a court order of judgment as in ascertaining the meaning of other written instruments. The entire contents of the instrument and record should be considered. The judgment is to be read as a whole." (citation omitted)). Immediately following this description, the judgment includes a table showing how the trial court calculated the number for the equitable lien. That a party disagrees with the judgment does not mean it is not comprehensible and capable of execution. The judgment identifies the prevailing party, as well as the amount to be recovered, which enables any ministerial officers to execute it. *See Stewart*, 870 S.W.2d at 20.

Accordingly, we overrule the Smiths' vagueness issue.

4

**Sufficiency of the Evidence**

The Smiths also contend that there is insufficient evidence to support the judgment. But they do not specify whether they are challenging the legal sufficiency or the factual sufficiency of the evidence. Construing the Smiths' briefing liberally, we consider it as a challenge to both. *See* TEX. R. APP. P. 38.9.

**A.    Standard of Review**

In determining whether there is legally sufficient evidence, we consider the evidence in the light most favorable to the finding if a reasonable fact finder could, and disregard evidence contrary to the finding unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). When reviewing the factual sufficiency of the evidence, we consider and weigh all the evidence, and will set aside a finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *See id.* at 822.

**B.    Analysis**

We presume that the trial court's judgment was regular and correct unless the record shows otherwise. *See Till v. Thomas*, 10 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *see also McElyea v. Parker*, 81 S.W.2d 649, 653 (Tex. 1935) ("Everything must be presumed in favor of the judgment, which is not concluded by the record."). Because the presumption is always in favor of the validity of the judgment, the appellant has the burden to show there is an error. *See*

*Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 252 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). Thus, the appellant must bring forward a sufficient record to show the trial court erred. *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.). When we do not have a reporter's record and there are no findings of fact, we assume that the trial court heard sufficient evidence to make all necessary findings in support of its judgment. *See id.*

Here, the trial court denied the Smiths' request for findings of fact and conclusions of law, and the Smiths did not submit the reporter's record with their appeal. Because there is no reporter's record or findings of fact, we assume the trial court's judgment is supported by sufficient evidence. *See id.* (assuming sufficient evidence supported judgment when no reporter's record or findings of fact were provided).

We overrule the Smiths' final issue.

### Conclusion

We affirm.

Sarah Beth Landau
Justice

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.

6